Hon. MOSES J. LIDDELL,

---

## GEORGIANA M. F. SANKEY, RESPONDENT, v. ST. MARY'S FEMALE ACADEMY, APPELLANT.

TRESPASS — *Closing window lights — Injunction — Section* 173, *division* 1, *Compiled Statutes, construed.* — The house of the plaintiff stood on the line of an alley which lay between her lots and those of the defendant. The alley had never been dedicated to public use, and was owned in equal portions by the litigants. The defendant commenced the erection of a fence on plaintiff's portion of the alley, which would have closed up certain windows in said house, but was enjoined by the District Court. The appellant contended that an injunction was not proper in such a case, as the common law furnished an ample remedy in damages for a trespass of such a nature. *Held*, that under the older authorities such an injury as the above would not have been held so irreparable in its character as to justify an injunction; but that the tendency of the more recent and better decisions was to enlarge the scope of the writ of injunction, whenever it was necessary to protect an owner in the beneficial use and enjoyment of his property, and that the injury threatened the plaintiff was sufficiently irreparable in its nature to authorize the injunction granted. *Held, also*, that the writ was properly granted under the provisions of section 173, division 1, Compiled Statutes, which simply formulates the principles governing injunctions, as announced in elementary works on equity jurisprudence.

*Appeal from the First Judicial District, Lewis and Clarke County.*

The facts appear in the opinion.

*Sanders, Cullen & Sanders,* for Appellant.

The record raises but one question, and that is whether an injunction will lie to restrain a trespass, it not appearing that the injury will be irreparable, or that it cannot be compensated in damages. The authorities seem to preponderate very decidedly in favor of the proposition, that in such a case an injunction will not lie. (*Jerome* v. *Ross,* 7 Johns. Ch. 315; 11 Am. Dec. 484; *Cherokee Nation* v. *Georgia,* 5 Peters, 1; *Bonaparte* v. *Camden etc. R. R. Co.* 1 Bald. 205; *Webb* v. *Portland Manuf. Co.* 3 Sum. 189; *Spooner* v. *McConnell,* 1 McLean, 337; *Bracken* v. *Preston,* 1 Pinn. 584; 44 Am. Dec. 412; *Trustees* v. *Hoessli,* 13 Wis. 348; *Smith* v. *Pettingill,* 15 Vt. 82; 40 Am. Dec. 667; *Shipley* v. *Ritter,* 7 Md. 408; 61 Am. Dec. 371; *Echelkamp* v. *Schrader,* 45 Mo. 505; *Anderson* v. *Harvey,* 10 Gratt. 386; *Manchester Cotton Mills* v. *Town of Manchester,* 25 Gratt, 825; *McMillan* v. *Ferrell,* 7 W. Va. 223; *Moore* v. *Ferrell,* 1 Ga. 7; *Catching* v. *Terrell,* 10 Ga. 576; *Cowles* v. *Shaw,* 2 Iowa, 496; *Minnig's Appeal,* 82 Pa. St. 373; *Thorn* v. *Sweeney,* 12 Nev. 251; *Waldron* v. *Marsh,* 5 Cal. 119; *Erpstein* v. *Berg,* 13 How. Pr. 92; 1 High on Injunctions, § 701; *Mechanics' Foundry of San Francisco* v. *Ryall,* 75 Cal. 601; *Branch Turnpike Co.* v. *Supervisors of Yuba Co.* 13 Cal. 190.)

*Alexander C. Botkin,* for Respondent.

The old rule that an injunction will not lie to restrain a trespass has been so modified by the widening uses of the writ, which courts have encouraged, that it can scarcely be said to survive. If it exists, it is more honored, and more often honored, in the breach than in the observance; and this is true of English as well as American courts. (*Mitchell* v. *Dors,* 6 Ves. 147; *Thomas* v. *Oakley,* 18 Ves. 184; *Lowndes* v. *Bettle,* 33 Law J. Ch. 451; *Stanford* v. *Hurlstone,* Law R. 9 Ch. App. 116.) The relief is always granted when the injury is irreparable *or* continuing. (*Att'y-Gen.* v. *Cambridge Consumers' Gas Co.* Law

R. 4 Ch. App. 81; *Mayor* v. *Groshon,* 30 Md. 436; 96 Am. Dec. 591; *Swan* v. *Burlington, C. R. & N. Ry. Co.* 72 Iowa, 650; *Duncan* v. *Central Passenger Ry. Co.* 85 Ky. 525; *Preston* v. *Preston,* 85 Ky. 16; *Grant* v. *Crow,* 47 Iowa, 632; Pomeroy's Equity Jurisprudence, § 1357, and note.) The facts in the record present an injury lying near the vague boundary between a trespass and a nuisance. It may be called a nuisance consequent upon a trespass. The prevention of nuisances is one of the oldest and commonest offices of the writ of injunction; and of this class of cases, the darkening of the windows of a dwelling has always been recognized as calling for the exercise of a preventive, as well as a remedial power. (1. High on Injunctions, § 859, citing, 16 Ves. 338; Pollock on Torts, 337, 344; Story on Equity Jurisprudence [Redfield's ed.], §§ 925, 926; Pomeroy's Equity Jurisprudence, § 1351; *Wilmarth* v. *Woodcock,* 58 Mich. 482.)

LIDDELL, J.—The plaintiff is the undisputed owner of certain lots fronting on Rodney Street, in square No. 28, in the city of Helena, while the defendant is the admitted owner of those lots in the same square which adjoin the plaintiff's property on the rear end. Between the premises of the parties there has existed an alleyway of some eight feet or more in width, which afforded access to the rear of the lots occupied by the complainant. Her dwelling-house stands directly on the eastern line of the fence, along the neutral ground, and has windows in that side next the premises of the defendant, and which overlook the play-grounds used by the pupils of the academy. Recently the defendant entered upon the plaintiff's side of the alleyway, which, however, has never been dedicated to public uses, and belonged in equal portions to the owners of the adjacent lots, and commenced the erection of a fence, which if allowed to have been consummated would have entirely closed the windows in the plaintiff's house, excluding both light and air, thereby rendering the house uncomfortable, unhealthy, and undesirable for habitation. Setting forth these facts, and the irreparable injury she would suffer if the defendant were allowed to consummate its designs, the plaintiff applied for and obtained an order on the defendant to show cause why an injunction should not be

granted restraining the acts complained of. After hearing the parties, the writ was granted, but in such a way as to permit the defendant to erect its fence not nearer than four feet to the wall of the plaintiff's house; and from that order the present appeal is prosecuted. Without recapitulating the evidence adduced upon the hearing, we may rest with saying that it satisfactorily established the allegations of the complaint, and is ample to sustain the order, if under such circumstances the law permits the use of the writ. The right to the writ is opposed by the defendant because, as it contends, the facts show a mere trespass, which can be compensated by damages, and the injury is therefore not irreparable. This position is undoubtedly correct under the authority of some very eminent jurists, particularly that of Chancellor Kent, as set forth in his opinion in *Jerome* v. *Ross*, 7 Johns. Ch. 315; 11 Am. Dec. 484. But the contrary opinion is held by equally as eminent authority, and it cannot be doubted that the tendency of that distinguished jurist to limit and restrain the use of the writ to a comparatively few aggravated cases of trespass is opposed to the weight of modern decisions of the highest ability and authority. (Pomeroy's Equity Jurisprudence, § 1357.) Quoting from the same paragraph the author says: "If the trespass is continuous in its nature, if repeated acts of wrong are done or threatened, although each of these acts taken by itself may not be destructive, and the legal remedy may therefore be adequate for each single act if it stood alone, then also the entire wrong will be prevented or stopped by injunction, on the ground of avoiding a repetition of similar actions. In both cases the ultimate criterion is the inadequacy of the legal remedy. All the cases, English and American, have professed to adopt the inadequacy of legal remedies as the test and limit of the injunctive jurisdiction; but in applying the criterion, the modern decisions, with some exceptions among the American authorities, have certainly held the injury to be irreparable, and the legal remedy inadequate in many instances and under many circumstances, where Chancellor Kent would probably have refused to interfere. It is certain that many trespasses are now enjoined, which, if committed, would fall short of destroying the property, or rendering its restoration to its original condition impossible. The injunction

is granted, not because the injury is essentially destructive, but because being continuous or repeated, the full compensation for the entire wrong cannot be obtained in one action at law for damages.   While the same formula is employed by courts of equity in defining their jurisdiction, the jurisdiction itself has practically been enlarged; judges have been brought to see and to acknowledge—contrary to the opinion held by Chancellor Kent—that the common-law theory of not interfering with persons until they shall actually have committed a wrong is fundamentally erroneous; and that a remedy which prevents a threatened wrong is in its essential nature better than a remedy which permits the wrong to be done, and then attempts to pay for it by the pecuniary damages which a jury may assess.   The ideal remedy in any perfect system of administering justice would be that which absolutely precludes the commission of a wrong, and not that which awards punishment or satisfaction for the wrong after it is committed."   In section 926 of Story's Equity Jurisprudence, we find him announcing the rule that an injunction will be granted where the injury is irreparable, or where loss of health or permanent ruin to property will ensue from the wrongful act or erection; and in section 928 he says: "It is upon similar grounds that courts of equity will interfere in cases of trespass."   "Formerly," he says, "courts of equity were extremely reluctant to interfere even in cases of repeated trespass. But now there is not the slightest hesitation, if the acts done or threatened to be done to the property would be ruinous or irreparable, or would impair the just enjoyment of the property in future.   If, indeed, courts of equity did not interfere in cases of this sort, there would (as has been truly said) be a great failure of justice in the country."   Our statute authorizing the use of the writ merely formulates those principles announced in the elementary works on equity jurisprudence.   The second paragraph of section 173 of the Code of Civil Procedure says the writ may be granted "when it shall appear by the complaint or affidavit that the commission or continuance of some act during the litigation would produce great or irreparable injury to the plaintiff."   Formerly acts like that complained of were not considered as causing irreparable injury, and it was held that the plaintiff's remedy was complete at common law; but the

modern tendency is to grant the writ in all cases where it is necessary to protect the applicant in the beneficial use and enjoyment of his own property. The law sometimes lays us open to wounds because it is supposed to possess the power of healing all wrongs; but it would be a travesty upon justice to permit the defendant to close up the windows in the house of the plaintiff, thereby depriving it of light and air, and destroying the house as a habitation, and then relegate the plaintiff to a suit at law for damages. The inadequacy of the remedy at law, under such circumstances, is too apparent for argument; for how shall the inconvenience, the uncomfortableness, the loss, perhaps, of health, be satisfactorily measured in such an action. While the mere act of damage to the house, and the use of that part of the lot, could be ascertained in a suit for damages, there would yet remain to be considered the other elements of injury above mentioned. If the injury sought to be warded off is not of that character which is denominated *irreparable*, it would be difficult to imagine a case which would come more completely under the rule. The plaintiff is entitled to the protection of the law in the use and enjoyment of her property; and the writ, we think, properly issued to prevent the defendant from erecting the fence upon the land of the plaintiff in such a way as to close up the windows in her house. She not only had no speedy or adequate remedy at law, but the injury complained of would have been irreparable and continuing, and when such is the case the relief should be granted. (*Mayor* v. *Groshon*, 30 Md. 436; 96 Am. Dec. 591; *Grant* v. *Crow*, 47 Iowa, 632; *Marion* v. *Johnson*, 22 La. An. 512.) There is no error in the order appealed from, which is therefore affirmed at cost of appellant.

*Judgment affirmed.*

DE WOLFE, J., and BACH, J., concur.