PALMER, APPELLANT *v.* ISRAEL ET AL., RESPOND-
ENTS.

[Argued May 28, 1892.  Decided May 22, 1893.]

INJUNCTION—*Trespass—Multiplicity of suits.*—Injunction will lie at the suit of a
contractor, having a valid contract with a city to pave and curb a street, and
who is liable to penalties for its nonperformance, to enjoin trespassers who ob-
struct and delay the performance of the work and threaten to continue such
acts, where the injury is continuous and repeated, and actions at law for dam-
ages against such trespasser would involve a multiplicity of suits.

*Appeal from First Judicial District Lewis and Clarke County.*

Action for an injunction.  An order dissolving the injunc-
tion was granted by BUCK, J.  Reversed.

*D. S. Wade,* for appellant.

I.   The contract gave to the appellant the exclusive right to
pave and curb Main street in front of the lots of defendants,
and having this exclusive right, manifestly his remedy was an
injunction, provided his contract was valid, and he had no
adequate remedy at law. ·

II.   The allegations of the complaint are to be taken as
true.   It is alleged that the appellant has the exclusive right
to pave and curb this street in front of said lots, and that the
defendants and respondent have taken possession of said street
and excluded the appellant therefrom, and are preventing,
hindering and delaying the appellant in paving and curbing said
street.   This is a public work, and if the appellant has the ex-
clusive right, he may protect his right by injunction.   Having
the exclusive right to pave and curb this street, he is not to be
driven from the street by strangers.   Deriving his authority
from the city, he has the same right to protect his work un-
molested, that the city would have to protect any public im-
provement.   Injunction would be the proper remedy for the
city in such a case, and the appellant under his contract has
the same remedy.   (See 1 Dillon on Municipal Corporations,
4th ed., §§ 659, 660, 680, and authorities cited in notes.)

III.   But it is said that the appellant had a remedy at law.
What was his remedy at law?  He was interfered with and

driven out of the streets while lawfully doing a public work for the city. He is subject to a penalty if he fails to do this work within a specified period. He who has the exclusive right to do any lawful act may enjoin unlawful interference with the performance of such act. A patent right is only the exclusive right to do certain things. Injunction is the proper remedy for the protection of such an exclusive right. An action for damages would be wholly inadequate, and so it would be in the case of any exclusive right.

IV. The theory of the defendants seems to be that they have the right to prevent the city of Helena from paving and curbing its streets, because they are not insolvent, or rather because it is not alleged that they are insolvent. This is not a case in which the insolvent theory can be invoked. The city has the right to curb and pave its streets. This right is given by the legislative assembly. In the protection of this right the financial condition of those who wrongfully interfere is wholly immaterial. This exclusive right given by the city to the appellant is in the nature of a franchise. It is property. To deprive the appellant of his right is the destruction of the appellant's property. It is destroying the substance of the thing itself. It is like carrying away the soil from a pasture, or the ore from a mine, and in such cases it is wholly immaterial whether the wrongdoer is solvent or insolvent.

V. The admission that the appellant has the exclusive right to pave and curb this street, and that the respondent is wantonly destroying that right, is sufficient to call into action the writ of injunction, whose office is to prevent the commission of an irreparable injury. The destruction of a valuable franchise or privilege is such an injury.

*A. C. Botkin,* for Respondent.

I. The complaint does not allege that the plaintiff had no plain, speedy, and adequate remedy at law, and that fact is not deducible from the specific averments. (*a*) The city of Helena owns its streets in fee. (*b*) The plaintiff had a contract with the city to perform certain work on a part of a certain street. It was thereupon the duty of the city to see that the plaintiff was not obstructed in the performance of his contract.

If it failed in this duty, the plaintiff had his abundant remedy in damages.

II. There is no allegation of the insolvency of the defendants. (*a*) The facts set up in the complaint constitute a trespass upon a public street, or perhaps more technically, a *purpresture.* (*b*) The writ is not used against a naked trespass, except in case of the insolvency of the defendant.

III. The plaintiff, who does not declare as an abutter, or as one of the public whose right to the use of the street for its ordinary purposes as a highway has been interfered with, but merely as a contractor, has no standing to invoke an injunction against a trespass.

PEMBERTON, C. J. This is an appeal from the order of the court below, dissolving an injunction. It appears that the appellant, who was plaintiff, on the sixth day of October, 1891, entered into a contract with the city of Helena to pave and curb a certain portion of Main street in said city; that under said contract he had the exclusive right to do the work specified therein, and the right to occupy and use said street for the performance of said work; that while engaged in performing said work, the respondent, with others, entered upon said street and excluded appellant therefrom, and hindered, delayed, and prevented him from performing his contract with said city; and that said respondent, with others, threatened to continue to so do, to the great and irreparable injury of the appellant. The appellant brought this suit to enjoin respondent and others from so interfering and delaying, and damaging him in the performance of said contract. I. L. Israel, Leroy Beveridge, and L. Auerbach, were made parties defendant with respondent herein, but did not resist the injunction. Respondent Sears alone moved for a dissolution of the injunction. The court below, on his motion, dissolved the injunction, from which action of the court this appeal is prosecuted.

The grounds of the motion are. 1. That the complaint does not show that plaintiff has no plain, speedy, and adequate remedy at law; 2. The said injunction is to restrain an alleged trespass, but it does not appear, from the facts set forth in the complaint, that the injury is irreparable, or that the respond-

ents, or any of them, are insolvent. The respondents concede the validity of the contract between the appellant and the city of Helena, under which appellant was curbing and paving Main street in said city, when excluded therefrom, and hindered, delayed, and damaged, as alleged in his complaint, by respondent and others. This contract subjected appellant to heavy forfeitures and penalties in the event of his failure to complete the same within the time therein specified. If the city had been engaged in the performance of this work on its own account, and had been obstructed, hindered, delayed, and damaged by respondent and others in the manner alleged in the complaint, with the threat to continue in the doing of said wrongs, we are of the opinion that the city could have enjoined such trespass and wrongs. (See 2 Dillon on Municipal Corporations, 4th ed., § 659, and authorities cited in note.) That the city could delegate its authority to do this work to the appellant is not questioned in this case. Then, why may he not, like the city, enjoin persons from coming upon the street he is occupying in the performance of his contract, and obstructing his work, excluding him from said street, hindering, delaying, and damaging him, and who threaten to continue the perpetration of such wrongs, injuries, and trespasses? All these things are alleged in the complaint in this case. Mr. Pomeroy says: "If the trespass is continuous in its nature, if repeated acts of wrong are done or threatened, although each of these acts, taken by itself, may not be destructive, and the legal remedy may therefore be adequate for each single act if it stood alone, then also the entire wrong will be prevented or stopped by injunction, on the ground of avoiding a repetition of similar actions." (Pomeroy's Equity Jurisprudence, 2d ed., § 1357.)

The respondents further contend that it does not appear from the complaint that the injuries resulting to the appellant were irreparable, or that the alleged wrongdoers were insolvent, and hence appellant had a remedy at law against them, after waiting and ascertaining his damages, or that he might proceed against the city for failing to protect him while performing his contract. This contention seems to admit the way clear to a multiplicity of suits, to prevent which is clearly the

province of a court of equity, by injunction. In Pomeroy, *supra,* this able author says: "All the cases, English and American, have professed to adopt the inadequacy of legal remedies as a test and limit of the injunctive jurisdiction; but, in applying this criterion, the modern decisions, with some exceptions among the American authorities, have certainly held the injury to be irreparable, and the legal remedy inadequate in many instances, and under many circumstances, where Chancellor Kent would probably have refused to interfere. It is certain that many trespasses are now enjoined which, if committed, would fall far short of destroying the property, or of rendering its restoration to its original condition impossible. The injunction is granted, not merely because the injury is essentially destructive, but because, being continuous or repeated, the full compensation for the entire wrong cannot be obtained in one action at law for damages. While the same formula is employed by the courts of equity in defining their jurisdiction, the jurisdiction itself has practically been enlarged. Judges have been brought to see and to acknowledge —contrary to the opinion held by Chancellor Kent—that the common-law theory of not interfering with persons until they shall have actually committed a wrong is fundamentally erroneous, and that a remedy which prevents a threatened wrong is, in its essential nature, better than a remedy which permits the wrong to be done, and then attempts to pay for it by the pecuniary damages which a jury may assess. The ideal remedy in any perfect system of administering justice would be that which absolutely precludes the commission of a wrong, not that which awards punishment or satisfaction for a wrong after it is committed." (Section 1357, *supra.* See, also, authorities cited in note.)

From the foregoing consideration and authorities we are of opinion that the appellant, upon the facts stated in his complaint, was entitled to an injunction, and that the court below erred in dissolving the same on the motion of respondent. The judgment of the court below is reversed.

*Reversed.*

HARWOOD, J., and DE WITT, J., concur.