ANNA L. BOYD, Respondent, v. AUSTIN DESROZIER
ET AL., Appellants.

[Submitted February 2, 1898.   Decided February 14, 1898.]

*Mining Claim—Injunction Pendente Lite—Location—Right
to Perfect.*

1. MINING CLAIM—*Injunction.*—The granting or refusing injunction *pendente lite* is so much within the judicial discretion of the trial court, that the order will not be reversed unless there has been an abuse of discretion.
2. In an action of ejectment, in which a preliminary injunction is applied for, a controversy as to title will not defeat the application, and the order is properly granted although the insolvency of defendants is not established, because the injury is to the substance of the estate and irreparable.
3. SAME—*Location—Right to Perfect.*—In such a case, it appearing that plaintiff had a prior location, and defendants not offering to indemnify plaintiff against possible injury to her property from defendant's acts, it was not an abuse of discretion to refuse to allow defendants to perfect their alleged location of one claim and to perform the annual labor on another, including the premises in controversy.

*Appeal from District Court, Silver Bow County.     William
O lancy, Judge.*

ACTION by Anna L. Boyd against Austin Desrozier and others. From an order granting an injunction *pendente lite,* defendants appeal. Affirmed.

*J. W. Cotter,* for Appellants.

The defendants, in their answer, set up a paramount title to the property, and deny plaintiff's title *in toto.* Under our statutes, an injunction may be granted to restrain some act, during the litigation, which would produce great or irreparable injury. (Code of Civil Procedure, § 871.) "The sole object of an interlocutory injunction is to preserve the subject in controversy in its then condition." (1 High on Injunctions, §§ 4 to 15; *Blue Bird Mining Co.* v. *Murray,* 9 Mont. 468, 476.) Defendants having set up a paramount title, it should be judicially determined before its assertion is enjoined. (*Curtis* v. *Sutter et al.,* 15 Cal. 260, 264; 1 High on Injunctions, § 8.) Where defendants were permitted, as in

this case, to work and expend money and labor in developing the claim, the court should require a strong showing to induce it to grant a temporary injunction. (*Real Del Monte Co.* v. *Pond Co.*, 23 Cal. 83; *Bigelow* v. *City of Los Angeles*, 85 Cal. 614; *Klein* v. *Davis*, 11 Mont. 155, 158.) Citing, also, High on Injunctions, Vol. 1, Sections 7, 10, 11, 13, 18 and 22.

*Darrow & Laist*, Attorneys for Respondent.

The ground was located as a placer claim on the 29th day of May, 1893, by Charles E. Boyd, and the same was not subject to relocation, even if no annual or other labor was performed thereon, before the 1st day of January, 1895. (Page 555, Vol. 15 Am. & Eng. Enc. of Law and cases there cited; *Belk* v. *Meagher et al.*, 3 Mont. page 65, Subdivision 4, pages 78, 79, 80 and 81. Affirmed by United States Supreme Court 104 U. S. 279.) A writ of injunction will lie to restrain trespass in entering upon a mining claim and removing auriferous quartz from it, where the injury threatens to be continuous or irreparable. It comports more with justice to both parties to restrain the trespass than to leave the plaintiff to his remedy at law. Moreover it would be impossible to estimate, with any approach to accuracy, the damage done; and hence the greater necessity of preventing what cannot be adequately compensated. The removal of gold from a mine is emphatically the taking away the entire substance of the estate and comes within that class of trespass in which injunctions are universally granted. (*Merced Mining Co.* v. *Fremont*, 7 Cal. 317.) An injunction will lie to restrain trespass on and waste of a quartz lode in a mining claim, the remedy at law being inadequate. (*Allen et al.* v. *Dunlap et al.*, 33 Pac. Rep. 675.) The granting of an injunction *pendente lite* is largely discretionary and will not be interfered with on appeal, where based on a reasonable showing." (*Anaconda Copper Mining Co.* v. *Butte & Boston Mining Co.*, 43 Pac. Rep. 924.)

PIGOTT, J.—Appeal by defendants from an order of the court below granting an injunction *pendente lite.*

Plaintiff alleged in her complaint (filed August 10, 1897) ownership of, and right of possession to, the Blue Gulch placer mining claim, situate in Silver Bow county, the wrongful entry and taking possession by defendants about June 1, 1897, and their continued possession and mining of the same, and extraction of gold dust therefrom, and prayed for the recovery of possession of the claim, and for damages. With the complaint was filed an affidavit of the plaintiff, reiterating its allegations, and charging the insolvency of the defendants, demand by her on them for the delivery of possession and cessation of mining, and their refusal to accede to her demand, and alleging that defendants would, unless restrained, continue to work and mine the claim, the effect of which would be the washing away of the soil.

Upon the complaint and affidavit the court issued a restraining order, and an order to show cause why an injunction *pendente lite* should not be granted. Prior to the hearing of the order to show cause, defendants filed an answer denying plaintiff's ownership and right of possession, and wrongful entry and possession by them. In the answer was incorporated a counter affidavit denying their insolvency. They alleged that plaintiff failed to perform upon the claim the annual labor required by law during the years 1893, 1894, 1895 and 1896, and had failed to resume work thereon in good faith prior to the time the defendants relocated the claim, in 1894 and 1897. They asserted title, alleging that they were in possession of 2,250 feet in length by 600 feet in width of the ground in dispute, by virtue of their locations of 1894 and 1897 upon the public domain of the United States, followed by the annual labor thereon.

On the hearing of the order to show cause, August 23, 1897, the plaintiff introduced in evidence the notice of location of the Blue Gulch placer claim, made May 29, 1893, by plaintiff's predecessor in interest, and introduced evidence tending to show a valid location. Proof was also made by

her that a notice in lieu of the annual labor for the year 1894 was filed on December 27 of this year. The court received also the duly filed affidavits of two persons, showing performance of the annual labor on the claim for 1896. There was also evidence to the effect that plaintiff caused the annual labor to be performed for the year 1895. The plaintiff testified that in the spring of 1897 she requested the defendants to vacate the ground in controversy, and also made the same demand in the August following, a few days before she commenced her suit.

In behalf of defendants some evidence was elicited from defendant McRae tending to show that the Blue Gulch placer was not located as required by law, and that the annual labor had not been performed; that defendants in May, 1894, located a portion of the ground in controversy, and named it the "Perry Clance Placer;" that on August 2, 1897, certain of the defendants posted a notice of location, and staked the Last Chance placer upon part of the ground embraced within the claim of the plaintiff, but had not perfected the location when the restraining order was served. There was also some testimony tending to show that the plaintiff in 1894 saw some of the defendants working the Perry Clance claim, and that she said nothing with reference to stopping their work.

When the testimony was all in, defendants requested the court that, in the event plaintiff was found entitled to a temporary injunction, defendants be permitted to perfect their location of the Last Chance placer, and be permitted to perform the annual labor upon the Perry Clance claim in order to protect their rights in the property until the termination of the suit; but the court denied the request, the defendants excepting. The court thereupon granted an injunction pending the suit, restraining the defendants from trespassing or mining upon, or disturbing the soil of, the plaintiff's claim, and ordered plaintiff to file an undertaking, with sureties in the sum of $500, to indemnify defendants; and from this order the defendants appeal.

While there was some conflict in the testimony taken, sub-

stantial evidence was adduced tending to support the material allegations of plaintiff's complaint and affidavit for an injunction, and it was therefore for the lower court to determine whether the order should be granted. The granting or refusing of injunctions *pendente lite* is so much within the judicial discretion of the court in which the application is made (*Anaconda Copper Min. Co.* v. *Butte & Boston Min. Co.*, 17 Mont., 519, 43 Pac. 924) that this court will not, on appeal, interfere with the action of the court below in that behalf, unless there has been an abuse of discretion. In this case we cannot say that the court failed to exercise its judicial discretion upon the hearing of the order to show cause.

The appellants urge that the paramount title set up by them should be judicially determined before its assertion is enjoined. A controversy as to the title was deemed sufficient in the former equity practice to exclude the jurisdiction of the court to issue an injunction to restrain the defendant from using the property pending suit. By that practice, plaintiff was left to his remedy at law. (Lindley on Mines, § 872.) But in modern practice, in cases of the character of the one at bar, and, under such a showing as that here made, it may not be said by the appellate court that the court below erred in granting an interlocutory injunction, unless it appear that the plaintiff has no title, or, at least, that there is no reasonable ground for assertion of title by plaintiff.

Mr. Lindley, in his recent and masterly treatise on the American Law Relating to Mines and Mineral Lands, says: "This doctrine has been greatly modified in modern times, and it [the granting of injunctions *pendente lite*] is now a common practice in cases where irremediable mischief is being done or threatened, going to the destruction of the substance of the estate, such as the extracting of ores from a mine, or the cutting down of timber, though the title to the premises be in litigation. The authority of the court is exercised in such cases, through its preventive writ, to preserve the property from destruction pending legal proceedings for the determination of the legal title. It comports more with substantial

justice to both parties to restrain the trespass, than to leave the plaintiff to pursue his remedy at law.    In all cases of this character an injunction should be granted pending the determination of the issue as to ownership, unless it appear that the plaintiff's title is bad, or at least that there is no reasonable ground for the assertion of the title by the plaintiff. The mere existence of a doubt as to the title does not of itself constitute a sufficient ground for refusing an injunction. Always, in questions of injunction against the working of mines, the doubt should be resolved in favor of granting the writ.    A denial of the preventive remedy by injunction, where the injuries complained of are of a character calculated to destroy the value of the land for all useful purposes, would be tantamount to a denial of all protection.    The doctrine is well settled, particularly in the mining states and territories of the West.    In this class of cases the solvency or insolvency of the defendant is of no moment.    Therefore an allegation of insolvency is immaterial.    The injury in itself is irreparable. It is irreparable by definition, and going, as it does, to the substance of the estate, it is a matter of indifference whether the plaintiff is in or out of possession.''    (Section 872; see, also, *Palmer* v. *Israel*, 13 Mont. 213, 33 Pac. 134.)

We think there was no abuse of discretion in refusing defendants permission to perfect their alleged location of the Perry Clance placer, and to perform annual labor on the Last Chance placer.    No sufficient showing was made to entitle appellants, as a matter of right, to the privileges asked by them; nor did they suggest that they would or could indemnify plaintiff against possible injury to her property which might have resulted from the exercise of the privileges sought.    Appellants did not place themselves in a position to successfully complain of the action of the court in refusing their request.

The order appealed from is affirmed.

*Affirmed.*

PEMBERTON, C. J., concurs.    HUNT, J., not sitting.