PARROT SILVER & COPPER CO., RESPONDENT, *v.*
HEINZE ET AL., APPELLANTS.

[No. 1569.]

[Submitted October 4, 1900. Decided November 26, 1900.]

*Mines and Mining—Suit to Establish Title—Injunction Pendente Lite—Judicial Discretion—Appeal—Review.*

1.  On a hearing to show cause why defendants should not be enjoined *pendente lite* from working a certain vein of ore, there was substantial evidence to show that the vein belonged to plaintiff's claim, though the statements of witnesses both as to matters of fact gained from actual observation of the workings of the claims and in matters of expert opinion based on these facts were in conflict. *Held,* that it was not an abuse of discretion to grant the injunction.
2.  Where errors are assigned in appellant's brief touching the admissibility of certain evidence, the failure of counsel to point out in the argument wherein the rulings of the trial court upon said evidence resulted in any prejudice to appellant will relieve the appellate court from the necessity of examining such errors.

*Appeal from District Court, Silver Bow County; Henry C. Smith, Judge.*

APPLICATION for injunction by the Parrot Silver & Copper Company, a corporation, against A. P. Heinze and others. From an order granting the same, defendants appeal. Affirmed.

*Messrs. McHatton & Cotter,* for Appellants.

*Mr. William Scallon, Mr. J. K. MacDonald,* and *Mr. T. J. Walsh,* for Respondent.

**MR. CHIEF JUSTICE BRANTLY** delivered the opinion of the Court.

This is an appeal from an order granting an injunction *pendente lite.* The plaintiff is the owner of the Little Mina lode claim, situate in the county of Silver Bow. This claim lies in a northwesterly and southeasterly direction. Immediately south of the easterly half of the claim lies the Nipper lode

claim, which at the time this action was begun, was occupied
and worked by defendant A. P. Heinze as lessee of defendant
F. A Heinze, the owner. This latter claim lies nearly due
east and west. As ground for the injunction plaintiff alleges
that within the boundaries of the Little Mina claim are two
veins, the apex of one of which, known as the "discovery
vein," extends throughout the entire length of the claim,
while that of the other, or more southerly one, extends from
the westerly end line of the claim approximately parallel with
the south side line thereof to a point 205 feet west of the east-
erly end line of the claim, where it passes into the Nipper
claim; that the part of this latter vein which is within the
boundaries of the Little Mina claim in its downward course
dips to the south, and so far departs from the perpendicular
as to extend outside of the vertical plane of the southerly side
line, and to enter the ground lying south of the little Mina
claim; and that the defendants, by means of underground
workings, have entered upon the portions of said vein west of
the point at which it crosses the southerly side line of the
Little Mina claim, and through these workings are engaged in
mining, removing, and converting to their own use large quan-
tities of ore which belong to the plaintiff.

The defendants deny that they are trespassing upon the
vein, or any part of the vein, or any vein, which has its apex
in the Little Mina claim, and allege that the vein upon which
A. P. Heinze is engaged in mining has its apex in the Nipper
claim.

At the hearing evidence was submitted, both oral and written
as to the identity of the vein in dispute with that having its
apex within the boundaries of the Little Mina claim. The
district court was of the opinion that this evidence was sufficient
to warrant the issuance of the injunction as to A. P Heinze,
his agents and employes. The question submitted to us is
whether the court's discretionary power was properly exercised.

After a careful examination of the record and the briefs of
counsel, we have concluded that there was no abuse of dis-
cretion. The transcript reveals a sharp conflict in the state-

ments of the witnesses, both as to matters of fact gained from actual observation of the workings in the properties and in matters of expert opinion based upon these facts.   But, inasmuch as there was substantial evidence tending to establish the identity of the vein in the Nipper claim upon which the defendant A. P. Heinze was engaged in mining, with that owned by the plaintiff, we think it proper that the order should stand pending the final determination of the controversy. (*Boyd* v. *Desrozier*, 20 Mont. 444, 52 Pac. 53; *Anaconda Copper Mining Co.* v. *Butte & Boston Mining Co.* 17 Mont. 519, 43 Pac. 924; *Heinze* v. *Boston & Montana Consol. Copper & Silver Mining Co.* 20 Mont. 528, 52 Pac. 273.)

Several errors are assigned in appellants' brief touching the admissibility of certain evidence.   Counsel fail, however, to point out in the argument wherein the rulings made by the court upon this evidence resulted in any prejudice to the appellants.   Under the circumstances we do not feel that it is incumbent upon us to examine them.

Let the order be affirmed.

*Affirmed.*

MR. JUSTICE WORD, being absent, takes no part in this decision.