## MUSSELSHELL CATTLE COMPANY, RESPONDENT, *v.* WOOLFOLK ET AL., APPELLANTS.

### (No. 2,277.)

(Submitted April 2, 1906. Decided April 16, 1906.)

*Live Stock—Trespass—Uninclosed Lands—Injunction—Refusal to Dissolve.*

Live Stock—Uninclosed Lands—Trespass.
  1. One who knowingly and willfully drives his stock upon uninclosed lands of another is guilty of a trespass and must respond in damages at the suit of the latter.
Live Stock—Uninclosed Lands—Continued Trespasses—Injunction.
  2. While equity will not enjoin the commission of a trespass when there is an adequate remedy at law, yet where it appeared that the defendants willfully and repeatedly, though warned to desist, drove bands of sheep upon plaintiff's uninclosed land, thereby depasturing it and causing water necessary for plaintiff's cattle to be consumed, and threatened to continue such trespasses, and where the record on appeal showed that plaintiff's title to the land in question was not controverted, the trial court was justified in granting a temporary injunction in view of the probable impossibility of accurately estimating the damages in money and to prevent a multiplicity of suits, and its order refusing to dissolve it was correct.

*Appeal from District Court, Yellowstone County; C. H. Loud, Judge.*

ACTION by the Musselshell Cattle Company against Alex. Woolfolk and another. From an order refusing to dissolve a temporary injunction, defendants appeal. Affirmed.

*Mr. Harry A. Groves,* and *Mr. J. B. Herford,* for Appellants.

The question presented by the record is this: "When is a person entitled to a writ of injunction to restrain a naked trespass?" Courts of equity do not ordinarily extend the harsh remedy of injunction to cases of trespass, but leave the redress of such grievances to the courts of law where originally jurisdiction in such matters was lodged. The general rule is that in order to give the court of equity jurisdiction to enjoin torts

to property, two conditions must occur: 1. The complainant's title must be admitted or be established by a legal adjudication; and 2. The threatened injury must be of such a nature as will cause irreparable damage, not susceptible of complete pecuniary compensation. The courts have generally accepted the statement of the rule here given as correct, although they have encountered considerable difficulty in its application to the facts of the various cases that have arisen out of the complication of human transactions. (*Carney* v. *Hadley*, 32 Fla. 344, 37 Am. St. Rep. 101, 14 South. 4, 22 L. R. A. 237; High on Injunctions, 3d ed., secs. 697, 699, 701.)

The state legislature has provided a full, adequate and complete remedy for such acts as are described in respondent's complaint. (Session Laws of 1903, p. 192.) For trespasses of the kind described in respondent's complaint the law has provided a clear and definite rule of damages, so that on this phase of the question the legal remedy is wholly adequate. The trespasses are not of a character that a court of equity will enjoin to prevent a multiplicity of suits. This rule is clearly stated in *Carney* v. *Hadley, supra.* The trespasses in the *Heaney Case,* 10 Mont. 590, 27 Pac. 379, the *Mullins Case,* 27 Mont. 364, 71 Pac. 165, and the *Harley Case,* 27 Mont. 388, 71 Pac. 407, were of the same nature as those in this case as to being continuous or repeated, and in each of the cases the court refused to interfere by injunction. In fact neither the court nor counsel deemed the point worthy of mention.

To justify granting a preliminary injunction, the plaintiff's right must be certain as to the law and facts. In passing upon the facts of each case, it is the right and duty of the court or judge to require a full disclosure of all the facts; and if it is apparent that such disclosure has not been made, relief should be refused. (*Campbell* v. *Flannery*, 29 Mont. 246, 74 Pac. 450.) When it appears from the nature of the case and all the facts that a party is not entitled to a temporary injunction, the granting of such is not a matter of discretion, and is reversible error. (*Schilling* v. *Reagan*, 19 Mont. 508, 48 Pac. 1109.)

*Mr. W. M. Johnson*, for Respondent.

It is no longer an open question as to whether plaintiff would be entitled to damages for such trespasses as are set out in the complaint herein. The boundaries need not be marked in any way or manner, providing they are known to the defendants or his employees. (*Monroe* v. *Cannon*, 24 Mont. 316, 81 Am. St. Rep. 439, 61 Pac. 863; 2 Cyc. 398; *Logan* v. *Gedney*, 38 Cal. 579; *Harrison* v. *Adamson*, 76 Iowa, 337, 41 N. W. 34; *Erbes* v. *Wehmeyer*, 69 Iowa, 85, 28 N. W. 447; *Otis* v. *Morgan*, 61 Iowa, 712, 17 N. W. 104; *Delaney* v. *Errickson*, 11 Neb. 533, 10 N. W. 451; *Addington* v. *Canfield*, 11 Okla. 204, 66 Pac. 355; *Bileu* v. *Paisley*, 18 Or. 47, 21 Pac. 934, 4 L. R. A. 840; *Poindexter* v. *May*, 98 Va. 143, 47 L. R. A. 588, 34 S. E. 971.) The rule now is that equity will interfere to prevent a multiplicity of suits between the same parties and in regard to the same subject matter. It is not necessary that there be several defendants in order to successfully invoke the aid of equity to restrain a continuing or repeated trespass. There would be no more annoyance, vexation or expense in maintaining six actions against as many different defendants than in maintaining the same number of separate actions against the same defendant, so that there never was any reason for this restriction upon the right of a court of equity to enjoin trespasses. (1 Spelling on Extraordinary Legal Remedies, secs. 14, 16; Eaton on Equity, 567, 587; *Wheelock* v. *Noonan*, 108 N. Y. 179, 2 Am. St. Rep. 405, 15 N. E. 67; *Warren Mills* v. *New Orleans Seed Co.*, 65 Miss. 391, 7 Am. St. Rep. 671, 4 South. 298; *Lembeck* v. *Nye*, 47 Ohio St. 336, 21 Am. St. Rep. 828, 24 N. E. 686-691, 8 L. R. A. 578; *Ladd* v. *Osborne*, 79 Iowa, 93, 44 N. W. 235; *Wilson* v. *Hill*, 46 N. J. Eq. 367, 19 Atl. 1097; *Galway* v. *Metropolitan etc. Ry. Co.*, 128 N. Y. 132, 28 N. E. 479-482, 13 L. R. A. 788; *Port of Mobile* v. *Louisville etc. Ry. Co.*, 84 Ala. 115, 5 Am. St. Rep. 342, 4 South. 107-111; *Indian River etc. Co.* v. *East Coast T. Co.*, 28 Fla. 387, 29 Am. St. Rep. 258, 10 South. 480; *Godfrey* v. *Black*, 39 Kan. 193, 7 Am. St. Rep. 544, 17 Pac. 849; *Williams* v. *New York Cent. R. R. Co.*, 16 N. Y. 97, 69 Am. Dec. 651-661; *Stevens* v.

*Stevens,* 11 Met. (Mass.) 251, 45 Am. Dec. 203; *Bryson* v. *Rayner,* 25 Md. 424, 90 Am. Dec. 69; *Haskell* v. *Thurston,* 80 Me. 129, 13 Atl. 273; *Mayer* v. *Coley,* 80 Ga. 207, 7 S. E. 164; *Miller* v. *Hoeschler,* 121 Wis. 558, 99 N. W. 228; *Oliphant* v. *Richman,* 67 N. J. Eq. 280, 59 Atl. 241; *Boglino* v. *Giorgetta,* 20 Colo. App. 338, 78 Pac. 612; *Fox R. F. & P. Co.* v. *Kelly,* 70 Wis. 287, 35 N. W. 744; *Tipping* v. *Robbins,* 71 Wis. 507, 37 N. W. 427-429; *Sullivan* v. *Jones & L. S. Co.,* 208 Pa. St. 540, 57 Atl. 1065-1068, 66 L. R. A. 712; *Evans* v. *Reading C. & F. Co.,* 160 Pa. St. 209, 28 Atl. 702-707; *Hennessy* v. *Carmony,* 50 N. J. Eq. 616, 25 Atl. 374-377; *Boston etc. R. R. Co.* v. *Sullivan,* 177 Mass. 200, 83 Am. St. Rep. 275, 58 N. E. 689; *Stovall* v. *McCutchen,* 107 Ky. 577, 92 Am. St. Rep. 373, 54 S. W. 969, 47 L. R. A. 287; *Sutton* v. *Head,* 86 Ky. 156, 9 Am. St. Rep. 274, 5 S. W. 410; *Lonsdale Co.* v. *Cook,* 21 R. I. 498, 44 Atl. 929; *Ellis* v. *Blue Mountain F. Assn.,* 69 N. H. 385, 41 Atl. 856, 42 L. R. A. 570; *Coatsworth* v. *Lehigh Valley Ry. Co.,* 156 N. Y. 451, 51 N. E. 301; *Miller* v. *Wills,* 95 Va. 337, 28 S. E. 337; *Whitfield* v. *Rogers,* 26 Miss. 84, 59 Am. Dec. 244; *Nininger* v. *Norwood,* 72 Ala. 277, 47 Am. Rep. 412; *King* v. *Stuart,* 84 Fed. 546.)

The rule announced in *Lembeck* v. *Nye,* 47 Ohio St. 336, 21 Am. St. Rep. 828, 24 N. E. 686, 8 L. R. A. 578, exactly meets the question involved in the case at bar. The court there held that an injunction would lie, "where the injury resulting from each separate act would be trifling and the damages recoverable therefor scarcely equal to a tithe of the expense necessary to prosecute separate action therefor."

The almost unbroken trend of modern decisions is to hold that the impossibility or impracticability of accurately determining the amount of damages constitutes irreparable injury and is good ground for an injunction. (1 Spelling on Extraordinary Legal Remedies, p. 19, sec. 13; *Gilchrist* v. *Van Dyke,* 63 Vt. 75, 21 Atl. 1099; *Hennessy* v. *Carmony,* 50 N. J. Eq. 616, 25 Atl. 374-378; *Wilson* v. *Eagleson,* 9 Idaho, 17, 108 Am. St. Rep. 110, 71 Pac. 613-616.)

An action for damages in the case at bar would not be as adequate, efficient or practical to secure the ends of justice, neither would it be as proper or prompt in its administration. (1 Spelling on Extraordinary Legal Remedies, sec. 16; *Watson* v. *Sutherland*, 5 Wall. 74, 18 L. Ed. 580; *Boyce's Exrs.* v. *Grundy*, 3 Pet. (U. S.) 210, 7 L. Ed. 655; *Meyer* v. *Town of Boonville*, 162 Ind. 165, 70 N. E. 146-149; *Stauffer* v. *Cincinnati etc. R. Co.*, 33 Ind. App. 356, 70 N. E. 543; *Gilcrest Co.* v. *Des Moines* (Iowa), 102 N. W. 831; *Driscoll* v. *Smith*, 184 Mass. 221, 68 N. E. 210; *Chappell* v. *Jasper County Oil etc. Co.*, 31 Ind. App. 170, 66 N. E. 515, 516; *Brooks* v. *Stroud*, 111 Ga. 875, 36 S. E. 960.)

Equity will enjoin continuous trespass on real estate, even when not destructive of the estate. (*Hall* v. *Nester*, 122 Mich. 141, 80 N. W. 982; *McClellan* v. *Taylor* (S. C.), 32 S. E. 527; *Ellis* v. *Blue Mountain F. Assn.*, 69 N. H. 385, 41 Atl. 856, 42 L. R. A. 570; *Edwards* v. *Haeger*, 180 Ill. 99, 54 N. E. 176; *Miller* v. *Mills*, 95 Va. 337, 28 S. E. 337; Pomeroy's Equity Jurisprudence, sec. 1357; Spelling on Extraordinary Legal Remedies, sec. 342.)   Every common trespass is not ground for an injunction, where it is only contingent and temporary; but where it continues so long as to become a nuisance, injunction will lie.   Modern cases in equity extend equitable relief much further than formerly. (*Whitfield* v. *Rogers*, 26 Miss. 84, 59 Am. Dec. 244; *Nininger* v. *Norwood*, 72 Ala. 277, 47 Am. Rep. 412; *Strawberry Valley Cattle Co.* v. *Chipman*, 13 Utah, 454, 45 Pac. 348.)

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Appeal from an order refusing to dissolve a temporary injunction.   The injunction was issued upon the verified complaint without notice.   Thereupon the defendants moved for a dissolution, on the ground that the complaint does not state facts sufficient to entitle the plaintiff to an injunction.

Omitting the formal parts thereof, the complaint alleges, in substance, that the plaintiff is now, and for a long time has been, in possession and entitled to the possession of several thousand acres of land (giving a description thereof by number of section, township, and range) in Yellowstone county; that it is the owner of part of these lands in fee and holds others under contract of purchase from the Northern Pacific Railway Company, and still others under leases from the state of Montana, the latter being school lands; that all of said lands are surveyed and are well stocked with native grasses and valuable for grazing livestock; that there are numerous watering places upon certain described portions thereof, created by plaintiff by the digging of wells and the construction of reservoirs and other like devices for storing and holding water; that these lands are useful to plaintiff solely for the purpose of grazing sheep, cattle, horses, and other stock, and constitute in large measure its winter range; that plaintiff requires all of the grasses thereon and all the water at said watering places for the proper care, feeding, and watering of its stock during all the seasons of the year; that none of the said lands, except a small portion thereof, are inclosed; that defendants are engaged as copartners in the business of breeding, raising, buying, and selling sheep, owning large bands of them, which they graze upon the public range in Yellowstone and Fergus counties, holding the same in herd; that, though they and their employees have been and are well acquainted with the boundaries of plaintiff's said lands, they have willfully, deliberately, and intentionally on numerous occasions during the past five years, and do now, hold in herd and graze on the said range of the plaintiff, large bands of sheep, and that said sheep have eaten and consumed, and do now consume, the grasses and verdure thereon and also the water at said watering places, to the great detriment and injury of the plaintiff; that, though frequently during the month of December, 1905, and at many other times, the plaintiff has requested the defendants to desist from so using plaintiff's lands, the defendants have refused to do so, and continue, and

threaten to continue, their trespasses as aforesaid; and that the plaintiff has no plain, speedy, and adequate remedy at law by which it may obtain redress, because many different suits will be required, and the amount of damage so wrought by defendants cannot be estimated in money.

It will be observed that, though it appears that a portion of the lands described are inclosed, no complaint is made that the defendants have in any way broken any inclosure or committed trespasses upon lands within it. The wrong complained of is the continued herding of sheep by defendants upon plaintiff's uninclosed lands, willfully and against plaintiff's protest, whereby the lands are depastured and rendered useless to the plaintiff.

On the argument in this court, counsel for appellants correctly assumed it to be the rule in this jurisdiction that one who knowingly and willfully drives his stock upon lands of another, though uninclosed, is guilty of a trespass and must respond in damages at the suit of the latter. In any event, any doubt on this subject was set at rest by the decision of this court in *Monroe* v. *Cannon,* 24 Mont. 316, 81 Am. St. Rep. 439, 61 Pac. 863. In that case, while recognizing the doctrine that the common-law rule that the owner of domestic animals is bound at his peril to keep them within his own inclosure, so that they may not trespass upon his neighbor's, has never been in force in this state, this court held that one who knowingly and willfully permitted his sheep to be herded upon the lands of another, and to depasture the same, must respond in damages to the owner thereof. Indeed, this rule prevails generally throughout the public land states and territories, and has been recognized in the federal courts. (12 Am. & Eng. Ency. of Law, 2d ed., 1045, and collection of cases in note; *Buford* v. *Houtz,* 133 U. S. 320, 10 Sup. Ct. 305, 33 L. Ed. 618; *Lazarus* v. *Phelps,* 152 U. S. 81, 14 Sup. Ct. 477, 38 L. Ed. 363.)

The only contention made was that a court of equity will in no case assume jurisdiction to enjoin a trespass, unless the title of plaintiff is admitted or clearly established, and the injury

being done or threatened is irreparable because not susceptible of complete pecuniary compensation, and that the allegations of the complaint do not make out such a case. There is no rule better settled than that a court of equity will not interfere to enjoin a trespass when there is an adequate remedy at law. It has been repeatedly recognized and applied by this court. (*Heaney* v. *Butte & Montana Com. Co.,* 10 Mont. 590, 27 Pac. 379; *King* v. *Mullins,* 27 Mont. 364, 71 Pac. 155; *Harley* v. *Montana Ore Pur. Co.,* 27 Mont. 388, 71 Pac. 407.) Though the rule as stated in the case of *Heaney* v. *Butte & Montana Com. Co.,* founded upon the case of *Jerome* v. *Ross,* 7 Johns. Ch. (N. Y.) 315, 11 Am. Dec. 484, was afterward modified in *Lee* v. *Watson,* 15 Mont. 228, 38 Pac. 1077, because, in view of the tendency of the later decisions, it was stated too broadly as applied to the facts presented, that case nevertheless, generally speaking, states the rule correctly. An adequate remedy always exists where the damages can be estimated in money, and the only purpose sought by the action is to determine the amount. If, however, there are peculiar circumstances in the case, as that the trespass is continued or repeated so that its redress would require a multiplicity of suits, or the injury is of such a nature that it cannot be estimated in money, the courts do not hesitate to grant relief by injunction. Such a case was *Sankey* v. *St. Mary's Female Academy,* 8 Mont. 265, 21 Pac. 23, in which the defendant was enjoined from erecting a fence in an alleyway jointly owned by the plaintiff and defendant and separating their respective premises, so as to close the windows on that side of plaintiff's house, thus excluding light and air. This was a case of continuing trespass involving rights, injury to which could not be estimated in money.

In *Palmer* v. *Israel,* 13 Mont. 209, 33 Pac. 134, the plaintiff had a contract to pave and curb a portion of Main street in the city of Helena. While engaged in doing so, he was excluded from the street by respondent and others, and thus hindered and delayed in the performance of his contract. The district court on motion dissolved a temporary injunction granted at the

commencement of the action, upon the theory that it had no equitable jurisdiction; but, on appeal of this court, the order of dissolution was reversed. In deciding the case the court quoted with approval from the text of Mr. Pomeroy (Equity Jurisprudence, 2d ed., 1357), as follows: "If the trespass is continuous in its nature, if repeated acts of wrong are done or threatened, although each of these acts taken by itself may not be destructive, and the legal remedy may therefore be adequate for each single act if it stood alone, then also the entire wrong will be prevented or stopped by injunction, on the ground of avoiding a repetition of similar actions."

In *Lee* v. *Watson, supra,* the defendant appeared to have been guilty of repeated trespasses in plowing, seeding, and cultivating land which belonged to the plaintiff and against the warnings and protests of the plaintiff. Plaintiff repeatedly tried to plow and cultivate his land, but was always interfered with by defendant. This was a case of wanton and repeated trespass. While it appeared further that the defendant was insolvent, yet we apprehend that was only an additional fact tending to show irreparable damage, and that the court would have properly issued the injunction if this fact had not appeared, on the theory that the repeated, wanton trespass was sufficient to give the court jurisdiction.

The facts in the complaint here show a case falling clearly within the principle of the cases of *Sankey* v. *St. Mary's Female Academy, Palmer* v. *Israel,* and *Lee* v. *Watson, supra.* In each of them the right involved was such that an action for damages would have afforded no adequate remedy, conceding that the damages were susceptible of computation in money. So in the present case. The lands of plaintiff are fit for pasturage only. It would hardly be possible to measure adequately in money the value of the wild grasses grown thereon. They cannot be harvested, and their value thus ascertained. Plaintiff could use them only by having his stock eat them, and their value could only be manifested in the improved condition of its flocks and herds. Nor can the amount of water consumed, or its

value, be estimated. Again, the trespasses are constantly repeated, and though warned to desist, defendants persevere in their wrongdoing. Many suits would, in all probability, be necessary to obtain any sort of redress, even if the injury resulting from each separate invasion of plaintiff's rights could be adequately estimated. The facts also bring it clearly within· the principle stated by Mr. Pomeroy in his text quoted above. Especially is this apparent when attention is called to the condition of the record before us. For the defendants do not in any way controvert the plaintiff's title, and, for present purposes, we must assume, cannot do so. They make no objection to the form in which the facts are stated in the complaint, but merely rely upon the general principle that a court of equity will not interfere by injunction to restrain a trespass.

While upon the final hearing upon the merits, after the issues are made up, other questions may arise which will constitute a complete defense to the plaintiff's action, upon the record before us we think the injunction was properly issued, and that the order of the court refusing to dissolve it was correct. It is accordingly affirmed.

*Affirmed.*

MR. JUSTICE MILBURN and MR. JUSTICE HOLLOWAY concur.

