LINDEBERG, RESPONDENT, *v.* HOWE, APPELLANT.

(No. 5,143.)

(Submitted April 11, 1923. Decided May 5, 1923.)

[215 Pac. 230.]

*Livestock — Depasturing Lands—Liability of Owner—Appeal —Error not Presumed—Instructions.*

Livestock—Willful Driving of Animals on Lands of Another—Liability for Damage Done.
1. The owner of livestock whose herder deliberately drives animals upon lands of another and herds them there, depasturing such lands, is liable for the resulting damage, though the lands were not inclosed by a legal fence.

---

1. Liability of owners for damages resulting from animals straying, see note in 36 **Am. St. Rep.** 831.
· Liability for trespass on unfenced land by livestock driven along the highway, see note in 12 **L. R. A.** (n. s.) 912.

Same—Evidence—Insufficiency.

   2. Where the charge in the complaint for damages for depasturing land was that sheep were deliberately driven upon a section of plaintiff's lands, and the evidence showed no more than that the herder in charge of them was seen driving them away from that locality, it was insufficient to support a finding of the jury in favor of plaintiff.

Appeal—Error not Presumed.

   3. On appeal prejudice is not presumed, and in order to work a reversal it must be affirmatively made to appear that substantial rights have been affected by the errors assigned.

Same—Burden of Proof—Instructions — When Refusal of Proper Instruction not Reversible Error.

   4. Where the instructions given to the jury in a damage suit placed a greater burden upon plaintiff than instructions requested by defendant would have done, their refusal was nonprejudicial.

Same—Appeal from Judgment—Time.

   5. An appeal from a judgment not taken within a year from its entry is ineffectual.

*Appeal from District Court, Custer County; C. J. Dousman and S. D. McKinnon, Judges.*

ACTION by Nils Lindeberg against John Howe. Judgment for plaintiff, and defendant appeals from the judgment and the order denying a new trial. Appeal from judgment dismissed and cause remanded, with directions to grant a new trial on condition.

*Messrs. Loud & Leavitt,* for Appellant, submitted a brief; *Mr. Chas. H. Loud* argued the cause orally.

*Mr. George W. Farr,* for Respondent, submitted a brief and argued the cause orally.

MR. COMMISSIONER BENNETT prepared the opinion for the court.

This action was brought by plaintiff, Nils Lindeberg, against defendant, John Howe, to recover damages alleged to have been caused by reason of the fact that defendant's herders entered and drove sheep owned by defendant, and which were being held in herd by defendant and his herders, upon the lands of plaintiff, depasturing them and destroying crops growing thereon. After issues were joined, the cause was tried

to a jury, and plaintiff had judgment, which was entered April 8, 1920. Defendant moved for a new trial. This motion was denied and the appeals are from the judgment and from the order denying a new trial. The appeals were taken March 24, 1922.

We have examined all the specifications and have concluded that there is only one proposition which requires attention.

The complaint charged that the defendant "entered and drove upon" plaintiff's lands a large band of sheep and did "hold in herd and graze upon" the lands the band of sheep. The answer denied the charging parts of the complaint, alleging that the only time during the period set out in the complaint the sheep were on the lands described in the complaint was when they were being driven along a public highway which crossed some of the lands, and that in so traveling the highway the sheep were at all times confined thereto.

The evidence discloses that on the eighteenth day of June, 1918, the defendant, by his herders, was moving a band of sheep to the shearing pens. In so doing a road which crossed certain sections, 15 and 16, belonging to or possessed by plaintiff, was traveled. At some point on the road across plaintiff's premises the sheep left the road and entered plaintiff's inclosure. Plaintiff testified that he saw them on his land in charge of a herder of whom he inquired as to how the sheep came to be there. The response was that he did not care, that the sheep had to have feed, and that defendant could pay for it. In fixing the damage to sections 15 and 16, plaintiff testified that before defendant's sheep entered those lands the pasturage thereon was worth $200 per section, and after they had been there it was worth $125. This last sum was apparently intended as the final value of the pasturage on both sections. It also appeared that a day or two later plaintiff saw sheep which he claimed were defendant's on another tract of land which he designated as the south half of section 8, no one being in charge thereof. Plaintiff also said that still later he saw sheep being driven off of that same portion of section 8

by defendant's herder. Damage was claimed to crops on this land amounting to $400 or $500. Defendant denied that the sheep were ever upon section 8. As to sections 15 and 16 he admitted that the sheep were there, but claimed that while they were being carefully driven along the road they escaped. It was also claimed that due diligence was used to remove all sheep which strayed upon plaintiff's lands. None of the lands were inclosed by legal fence.

From the filing of the complaint to the return of the verdict the plaintiff stood upon the theory that the trespasses were knowingly and willfully committed.

The first specification of error which we. will consider is [1] that of the insufficiency of the evidence. As to the trespass upon sections 15 and 16 the contention that the evidence is insufficient to support the verdict is without merit. Taking plaintiff's case alone, the inference is reasonable that the sheep were deliberately driven upon the lands contiguous to the highway and were thereafter herded thereupon. Such conditions, if true, render the owner of the stock liable for the resulting damage. (*Musselshell Cattle Co.* v. *Woolfolk,* 34 Mont. 126, 85 Pac. 874; *Dorman* v. *Erie,* 63 Mont. 579, 208 Pac. 908.)

As to the damage to section 8, however, the situation is [2] different. There was no evidence disclosing a liability for the damage to that portion of plaintiff's premises. The charge was that the sheep were willfully and knowingly driven and herded thereupon. Evidence that a herder is seen driving sheep away from a given locality will not support a finding that they were deliberately driven on to such premises.

The evidence is therefore insufficient to support a verdict for a greater sum than $275.

Defendant also specifies as error the giving of instructions 9 and 10.

The objection to instruction 9 is that it is an abstract proposition of law; it being contended that the giving of such instructions has been condemned by this court. It is true that it has been stated a number of times that abstract rules of

law should not be given to the jury. Whether or not reversible error results from the giving of such rules is an entirely different question. Discussion of these rules, however, is unnecessary, since in our opinion that instruction is not open to that criticism.

It is contended that instruction No. 10, while stating correct propositions, was misleading. Both because it contained within itself two inharmonious rules and because the first portion thereof was not applicable to the case at bar, we do not approve this instruction. We do not, however, see how any prejudice could have resulted from the giving thereof. The last proposition therein announced was repeated so often throughout the instruction that we cannot feel that the first [3] portion could have resulted in misleading the jury. It will be borne in mind that prejudice is not presumed from error, and that, in order that a reversal result, it must affirmatively appear that substantial rights have been affected by the error. (See section 9191, Revised Codes of 1921, and *State* v. *Hall*, 55 Mont. 182, 175 Pac. 267, construing section 12125 of the Penal Code to the same purport.)

The refusal of the trial court to give certain requested [4] instructions is also specified as error. In effect, the court was requested to instruct the jury that, when livestock is being herded in a place it has a right to be, the owner is not liable for damage done by such stock as escape from control and enter upon another's land, unless the premises are inclosed by a legal fence, or unless the escape was occasioned by the intentional or negligent act of the herder, or unless, having escaped without wrong on the part of the herder, they are intentionally or negligently permitted to remain upon premises where they should not be. While that theory may be correct, the defendant did not suffer prejudice by a refusal to so instruct. Throughout, the instructions required a finding of willfulness and intent before a recovery could be had. This burden placed on plaintiff was greater than the requested instructions would have placed upon him.

Defendant also complains that he was denied a new trial on the ground of newly discovered evidence. There are several questions involved therein. The evidence which he wished opportunity to produce was confined to the amount of damage to section 8. In the light of what has been and will be said, these questions become immaterial.

As has been pointed out, more than a year elapsed between [5] the entry of judgment and the appeal therefrom. The appeal from the judgment was therefore ineffectual.

We recommend that the appeal from the judgment be dismissed and that the cause be remanded to the district court, with directions to grant a new trial, unless within thirty days after the *remittitur* is filed in the office of the clerk of the district court the plaintiff consent in writing that the amount of the judgment may be reduced to $275, with costs incurred in the trial court, and that in the event of the giving of such consent the judgment be modified accordingly as of the date of the original judgment, and that the order denying a new trial stand affirmed. We further recommend that each party pay his own costs of this appeal.

PER CURIAM: For the reasons given in the foregoing opinion, the appeal from the judgment is dismissed and the cause remanded to the district court, with directions to grant a new trial, unless within thirty days after the *remittitur* is filed in the office of the clerk of the district court the plaintiff consent in writing that the amount of the judgment may be reduced to $275, with costs incurred in the trial court. In the event of the giving of such consent, the judgment will be modified accordingly as of the date of the original judgment, and the order denying a new trial will stand affirmed; each party paying his own costs on appeal.

*Modified and affirmed.*