BENNETT BROS. CO., APPELLANT, *v.* GEORGE S. CONGDON ET AL., RESPONDENTS.

[Submitted September 29, 1897. Decided October 18, 1897.]

*Injunction—Discretion—Insolvency—Appealable Order.*

1. INJUNCTION—*Discretion.*—Although the granting or refusing a preliminary injunction is a matter of discretion, the court must exercise that discretion upon the case presented properly and according to correct principles of law and evidence.
2. SAME—An order dissolving a preliminary injunction is not properly granted, when the court excludes material and competent evidence on the hearing of the motion.
3. INSOLVENCY.—An injunction to prevent the defendant from collecting a judgment, standing in his name, but alleged to have been assigned to him in fraud of plaintiff, should not be refused for the sole reason that the insolvency of defendant is not proved.
4. APPEALABLE ORDER.—An order vacating a temporary restraining order is an order dissolving an injunction, and is an appealable order.

*Appeal from District Court, Silver Bow County. John Lindsay, Judge.*

ACTION by Bennett Bros. Company against George S. Congdon and others. From an order vacating a temporary restraining order, plaintiff appeals. Reversed.

Statement of the case by the justice delivering the opinion.

Appeal from an order vacating a temporary restraining order. Plaintiff and appellant, the Bennett Bros. Company, desiring to continue in force the temporary restraining order pending an appeal to this court, applied, under section 23, Code Civ. Proc., and rule 16 of this court, for an injunction pending an appeal from the order dissolving the said temporary restraining order. This court made an order continuing in force the injunction order pending an appeal from the order of the District Judge dissolving the injunction.

The substance of plaintiff's complaint is that E. E. Congdon, one of the respondents, on May 23, 1894, recovered a judgment against the Butte Consolidated Railway Company, another defendant, for $12,683, on an account for personal services. (*Congdon* v. *Railway Co.* 17 Mont 481, 43 Pac. 629.) This judgment was assigned by E. E. Congdon to the defendant George S. Congdon, who in turn undertook to collect the judgment by the execution against the railway company. It is also averred that the Massachusetts Loan & Trust Company held a mortgage upon the property of the Butte Consolidated Railway Company, and that George S. Congdon commenced suit against the railway company, alleging that the mortgage of the loan company was a hindrance to the collection by him of his judgment against said railway company, and that the mortgage to the loan company had been paid, and asking that the mortgage be canceled and declared to be void.

The plaintiff, Bennett Bros. Company, set forth that it, and not the Congdons, owned the judgment which Congdon obtained against the railway company. It averred that in 1888 Congdon was in its employ, and that from 1889 until 1894 Congdon performed labor for the Butte Consolidated Railway Company under an agreement between the

plaintiff company and the defendant Congdon that whatever he earned under his employment by the said Butte Consolidated Railway Company should be turned over to plaintiff, because of his employment by plaintiff, and because of the salary paid to him by plaintiff under said employment, and that the salary paid by the plaintiff under such contract of employment should be in full for all work done or services performed by Congdon during such employment, whether done for plaintiff or others at plaintiff's direction or with its consent; that it was agreed that Congdon should institute suit to recover the sum of $12,683 due him from the railway company, and that, if he recovered, the judgment would be immediately, upon demand, assigned to plaintiff. It is averred that he did recover judgment, but that he violated his agreement, and, with intent to defraud plaintiff, assigned the judgment to George S. Congdon, but that such assignment was without consideration, and that at the time of the assignment, and prior thereto, George S. Congdon had full notice of the equities of plaintiff. The prayer was for a temporary restraining order, enjoining the defendant Congdon from attempting to collect the judgment heretofore referred to, or from assigning the same, and enjoining George S. Congdon from prosecuting this suit entitled "*George S. Congdon* v. *The Butte Consolidated Railway Company and The Massachusetts Loan & Trust Company*," and ordering the defendants to show cause, if any cause they had, why such restraining order should not be entered against them pending this action, and for further order decreeing plaintiff to be the owner of the judgment by reason of the agreement pleaded, and that the assignment of the judgment be adjudged fraudulent as against plaintiff, etc.

The answer denied all the allegations made by the Bennett Bros. Company in reference to its rights to the said judgment.

The court granted a temporary injunction. The defendants moved to dissolve, and on that motion the court heard oral testimony, and subsequently made an order dissolving the restraining order. From that order the plaintiff appeals.

*William H. De Witt* and *John W. Cotter*, for Appellant.

*Thompson Campbell*, for Respondents.

HUNT, J.—It is argued by the appellant that the court committed errors of law by which it was prevented from arriving at a position where it could properly exercise a discretion upon the facts.    The particular errors presented to us are:    First, that the court erred in excluding from all consideration the testimony of two witnesses, Nelson Bennett and Sewall Davis; and, second, that the court ought not to have decided the motion to dissolve upon the ground that the insolvency of the defendants the Congdons was not proved.

Upon the hearing had before the court, Nelson Bennett testified directly that, for the corporation Bennett Bros. Company, he had entered into an agreement with the defendant E. E. Congdon, by which agreement the Bennett Bros. Company was entitled to the compensation which Congdon might recover from the railway company for services which had been performed by him, and that Congdon had expressly told him (Bennett) that, if he recovered in the suit which he was about to institute against the railway company, the amount of such recovery would be turned over to the corporation by him (Congdon).    The testimony of the witness Sewall Davis was to the same effect, and also tended to show admissions by Congdon of an agreement with Bennett to turn over to the corporation the proceeds of any judgment that he might recover.

The reason that the court excluded the testimony of these two witnesses was because the act of Bennett in making the contract with Congdon, if he made it at all, was his individual act, and not the act of Bennett Bros. Company, the plaintiff corporation.

It is a firm principle of the law of this state that the granting or refusing to grant preliminary injunctions is so largely in the discretion of the district courts that the appellate court will be very slow to interfere with the exercise of that discretion.    But it is the duty of the district court to exercise

its discretion according to correct principals of law and evidence; in other words, the rule presupposes a case properly presented to the court. Upon a hearing on a motion to dissolve a restraining order, if a ruling is made which excludes most material and competent testimony offered upon the main issue involved in the pleading, and the court refuses, through error in applying rules of law, to consider such testimony although by it alone the allegations of the complaint are principally sustained, it cannot be said that the lower court has put itself in a position where discretion has been exercised upon the essential facts of the case. It has erroneously refused to permit the evidence to be put before it. There has been, therefore, no case before it where it could properly exercise discretion. A court is sometimes called upon to grant a temporary restraining order to show cause, upon papers or testimony which at first examination appear to be sufficient, yet afterwards are held not to be. In certain instances, haste in issuing a restraining order is necessary to prevent the doing of an act which, if done, would apparently work irreparable injury to another. A judge, under such circumstances, must do the best he can by acting upon the testimony at hand. But when the return day has come the parties may offer strictly legal testimony for the purpose of continuing or dissolving the order, and, if they do, it is the duty of the court to hear and consider it, and to exercise its legal discretion upon all that is competent and properly before it.

In the late case of *Thompson* v. *Railway Co.*, (N. J. Ch.) 37 Atl. 129, Reed, V. C., said that it would seem that the same rule must be applied to distinguish between testimony that is admissible and testimony that is non-evidential, whether such testimony is found in affidavits to be used as a ground for obtaining an injunction, or the testimony is obtained in open court by examination of witnesses to sustain a litigated fact. The court sustained the rule laid down in the earlier New Jersey case of *Railroad Co.* v. *Stewart*, 21 N. J. Eq. 484, where the Chief Justice held that he was not aware of any relaxation of the rules of evidence with respect to affidavits an-

nexed to injunction bills.    To the same effect are *Campbell* v.
*Morrison*, 7 Paige 157, and *Clark* v. *Herring*, 43 .Ga. 226.

In the case before us, if the court had considered the evi-
dence of the witnesses Bennett and Davis, and had then, in
the exercise of its discretion, attached credibility to the state-
ments of the defendants rather than those of Bennett and
Davis, we should be reluctant to interfere with the exercise of
that discretion; but, inasmuch as it refused to consider the
statements of said witnesses at all, it left the case without any
testimony on the part of plaintiff to sustain the material alle-
gations of its complaint.    The error was palpably one of law,
in altogether excluding the testimony.    It did not tend ex-
clusively to prove an individual contract between Bennett and
the defendant Congdon, as held by the court.

It would be improper for this court to intimate how the dis-
cretion of the lower court should be exercised after it con-
siders the testimony improperly excluded; nor do we express
any opinion whatsoever upon  the  merits of the case as shown
by the evidence, including that heard and excluded.

The order will be made reversing the order of the District
Court dissolving the temporary restraining order, and re-
manding the case, with directions to the lower court to con-
sider the evidence excluded, and thereafter to exercise its dis-
cretion upon the whole case presented.

The appellant also complains of the action of the court in
holding that the allegation of insolvency of the defendants, the
Congdons, was material, and that such insolvency should be
proved as a fact.

The most important question in the case was whether or not
the defendants were the owners of the judgment against the
railway company as trustees or agents for the plaintiff corpo-
ration.    Upon this point the solvency or insolvency of the de-
fendants was immaterial.

The second question was whether the defendants, as agents
or trustees, should be enjoined.

If the first question was answered affirmatively, the answer
to the second should have been arrived at by endeavoring to

ascertain whether or not there was a sufficient showing of a breach of the trust, and consequent peril to the trust fund. If there was, the court ought to have granted the injunction, irrespective of the question of defendants' solvency or insolvency.   (Beach on Injunctions, §§ 909, 910.)

·The respondents suggest that ''the sustaining of a motion to dissolve a temporary restraining order is not a refusal, within the meaning of the code, of an injunction, to bring it within the provisions of Section 23, Code of Civil Procedure.''   But in our opinion an order vacating a ·temporary restraining order is an order dissolving an injunction, from which an appeal lies, and it was within the power of the Supreme Court to continue the injunction order in force pending an appeal from the order of the District Judge dissolving the injunction.

The order of the District Court is reversed and the cause remanded, with directions to proceed in accordance with the views herein expressed.

*Reversed and Remanded.*

PEMBERTON, C. J. and BUCK, J. concur.

