HEINZE ET AL., RESPONDENTS, *v.* BOSTON & MONTANA CONSOL. COPPER & SILVER MINING CO., APPELLANT.

(No. 1,680.)

(Submitted October 9, 1901.   Decided February 3, 1902.)

*Mines and Mining — Injunction Pendente Lite — Appeal — Review.*

1.  Where there is no substantial evidence tending to support an injunction order, the same will, on appeal, be reversed.

2   On appeal from an order granting an injunction *pendente lite,* the supreme court will not reverse the order, although the evidence tending to prove the identity and continuity of veins would be insufficient upon a trial of the issues on the merits.

*Appeal from District Court, Silver Bow County; William Clancy, Judge.*

ACTION by F. Augustus Heinze, and the Johnstown Mining Company, a corporation, against the Boston & Montana Consolidated Copper & Silver Mining Company, a corporation. From an order granting an injunction *pendente lite,* the defendant appeals. Reversed in part.

*Messrs. Forbis & Evans,* for Appellant.

*Messrs. McHatton & Cotter, Messrs. Toole & Bach,* and *Mr. James M. Denny,* for Respondents.

MR. JUSTICE PIGOTT delivered the opinion of the court.

The plaintiffs, asserting title in themselves to the Minnie Healy lode claim and to a certain vein alleged to have its apex therein and to dip to the north beneath the Piccolo and Gambetta lode claims owned by the defendant, brought an action against the defendant to quiet their title and to enjoin the defendant from trespassing thereon. Upon the complaint and an affidavit in support thereof, the judge below issued a restraining order against the defendant, and also an order to show cause why an injunction pending the action should not be granted. After a hearing the order to show cause was made absolute on April 25, 1901, and an injunction *pendente lite* granted as prayed for in the complaint. From this order the defendant has appealed.

We have devoted much time to the study of the transcript and briefs, consisting of 370 printed pages and eight maps of the property in dispute. No useful purpose would be served by a statement or discussion of the evidence. The sole ques-

tion raised is whether the evidence was sufficient to justify the order of injunction. As to the "Leonard" vein, the apex of which is in ground belonging to the defendant north of the Gambetta lode claim, and which dips to the south, there was no substantial evidence whatever tending to support the order. With the order in so far as it affects the Gambetta vein we do not feel disposed to interfere upon this appeal, although the evidence tending to prove the identity and continuity of that vein with the vein having its apex in the Minnie Healy would be insufficient upon a trial of the issues on the merits.

The injunction order should be modified so as to exclude from its operation the "Leonard" vein throughout its length and depth, leaving in force the order so far as it enjoins the defendant from entering upon the Gambetta vein and extracting ore therefrom. To accomplish this purpose we think the order should, in the present state of development and under the evidence adduced, go no further than to enjoin the defendant from entering upon (except for the purpose of passing to and from ground to which the injunction order of the district court does not apply, and for the purpose of keeping the openings in repair) or mining, or extracting ore from, any of the ore bodies embraced and described in the injunction order of the district court, lying towards the south of a plane descending vertically into the earth on a line parallel with the south side line of the Piccolo lode claim and passing through the point at which the north side line of the Gambetta lode claim intersects the third, or 300 foot, level south of the "Leonard shaft."

The cause is therefore remanded with direction to the district court forthwith to vacate so much of the order as enjoins the defendant from entering upon or working, or extracting ore from the Leonard vein, or from any vein or veins lying towards the north of the plane indicated, and also from entering upon or using any levels or openings in the possession of the defendant and passing to the south of the plane or lying on either side thereof, as the means of access to other openings and workings of the defendant not described and embraced in the injunction order appealed from. In the event the plaintiffs

shall, within thirty days after the *remittitur* be lodged with the clerk, apply for a new hearing of the order to show cause, the court below is directed to set aside and vacate the order of April 25, 1901, in its entirety and to grant a new hearing; if such application be not made within the prescribed period, then the order of this court modifying the order of April 25, 1901, shall become absolute and the court below will, upon motion, cause to be entered a formal order in conformity with the views herein expressed. The defendant will recover the costs of appeal.

Reversed in part, with directions.

Rehearing denied February 6, 1902.