HAHN ET AL., RESPONDENTS, *v.* SHAUBUT, APPELLANT.

(No. 3,134.)

(Submitted March 23, 1912. Decided March 30, 1912.)

[123 Pac. 694.]

*Appeal and Error—Pleadings—Liberal Construction, When— Prejudicial Error—Record.*

Appeal and Error—Pleadings—Liberal Construction, When.

1.  Where appellant had an opportunity to try an action brought for the purpose of enjoining him from trespassing upon plaintiff's land, but instead chose to interpose a motion for nonsuit, and upon refusal thereof declined to introduce evidence in support of his contentions, the supreme court on appeal will give the complaint (attacked on the ground that it failed to state a cause of action) the most liberal construction in order to sustain the judgment in favor of plaintiff.

Same—Record—Prejudicial Error.

2.  To entitle appellant's contentions to consideration, he must make the record disclose prejudicial error.

Same—Error—Who may not Complain.

3.  Where defendant in an action for an injunction by his answer raised an issue of justification, but at the trial declined to offer evidence in substantiation thereof, he will be deemed to have abandoned the issue, and may not complain of a judgment entered against him.

*Appeal from District Court, Powell County; Geo. B. Winston, Judge.*

ACTION by Charles Hahn and E. L. Turner against G. W. Shaubut. From a judgment for plaintiff, defendant appeals. Affirmed.

*Mr. Moncure Cockrell,* and *Mr. S. P. Wilson,* for Appellant, submitted a brief; *Mr. Wilson* argued the cause orally.

The defendant was called into court to answer a complaint, the ordinary construction of which would indicate to him that he was required to defend an action to enjoin him from breaking down plaintiffs' fence. By a common-sense reading of the complaint no other intendment can be gathered from it. A party cannot so draw his pleadings as to lead the opposite party to believe relief is sought upon one ground and against certain acts, and then obtain an injunction and relief upon other ground, and against other acts not mentioned in the complaint. If plaintiffs had sought to enjoin defendant from crossing over their lands, or if they intended to charge him with attempting to make a highway over them, we submit that the rules of pleading required them to allege such facts as would apprise defendant of the nature of the relief sought. (*Jerome* v. *Ross,* 7 Johns. (N. Y.) 315, 11 Am. Dec. 484; *Moore* v. *Halliday,* 43 Or. 243, 99 Am. St. Rep. 724, 72 Pac. 801; *Miller* v. *English,* 6 N. J. Eq. 304; *Homer* v. *Brown,* 40 S. C. 336, 18 S. E. 938; *Wabash R. Co.* v. *Engleman,* 160 Ind. 329, 66 N. E. 892; *Calloway* v. *Webster,* 98 Va. 790, 37 S. E. 276; *Minnig's Appeal,* 82 Pa. 373; *Hoff* v. *Olson,* 101 Wis. 118, 70 Am. St. Rep. 903, 76 N. W. 1121; *Lutcher* v. *Norsworthy* (Tex. Civ. App.), 27 S. W. 630; *Commissioners of Highways* v. *Green,* 156 Ill. 504, 41 N. E. 154; *Leach* v. *Day,* 27 Cal. 643; *Morgan* v. *Palmer,* 48 N. H. 336; *Washburn* v. *Miller,* 117 Mass. 376.)

Whether or not a trespass was committed was dependent wholly upon the fact of whether or not a public highway existed. Appellant's contention is that under the common law, and under the uniform holdings of the courts, in theory and in practice, the question of the existence of a public highway, as put in issue in defense of the allegations of trespass, was purely a question for the jury. (*State* v. *Auchard,* 22 Mont. 14, 55 Pac. 361; *City of Butte* v. *Mikosowitz,* 39 Mont. 350, 102 Pac. 593; *Gardiner* v. *Tisdale,* 2 Wis. 153, 60 Am. Dec. 407; *City of*

*Elgin* v. *Beckwith,* 119 Ill. 367, 10 N. E. 558; *Flack* v. *Village of Green Island,* 122 N. Y. 107, 25 N. E. 267; *District of Columbia* v. *Robinson,* 180 U. S. 92, 45 L. Ed. 440, 21 Sup. Ct. Rep. 283; *Greenup Co.* v. *Marysville* (Ky.), 21 S. W. 351; *Riley* v. *Hammel,* 38 Conn. 574.) The identical question in controversy here has been passed upon in several jurisdictions. (See *Tomasini* v. *Taylor,* 43 Or. 576, 72 Pac. 324; *State* v. *Hart,* 26 Utah, 229, 72 Pac. 939; *Lipscomb* v. *Littlejohn,* 63 S. C. 38, 40 S. E. 1024; *Leach* v. *Day,* 27 Cal. 643.)

In the court below respondents relied largely upon the case of *Musselshell Cattle Co.* v. *Woolfolk,* 34 Mont. 126, 85 Pac. 874, as establishing their right to an injunction in this case. We think that decision is not authority here. In that case the question was concerning an injunction *pendente lite* which was decided wholly upon the complaint filed in the action. We do not deny but that plaintiffs in this case with the proper allegations in their complaint and upon proper showing would have been entitled to an injunction *pendente lite.* Such injunction might be continued upon the final hearing if plaintiffs were found to be entitled thereto upon the verdict of the jury and upon the finding of the chancellor. The above case is very similar to the case of *Spencer* v. *New York R. Co.,* 62 Conn. 242, 25 Atl. 350.

*Messrs. Scharnikow & Paul,* for Respondents, submitted a brief; *Mr. W. J. Paul* argued the cause orally.

Every time the defendant broke the fence or every time he crossed over the land he was guilty of breaking and entering the plaintiffs' close, and therefore guilty of a trespass. (*Mendelson* v. *McKay,* 144 Cal. 230, 103 Am. St. Rep. 78, 77 Pac. 915; *McCusker* v. *Mitchell,* 20 R. I. 13, 36 Atl. 1123; *Pico* v. *Colimas,* 32 Cal. 578; *Pohlman* v. *Lohmeyer,* 60 Neb. 364, 83 N. W. 201; *Lynch* v. *Egan,* 67 Neb. 541, 93 N. W. 775; *Hayois et al.* v. *Salt River V. C. Co.,* 8 Ariz. 285, 71 Pac. 944.) If the fence was an obstruction on the alleged road, it was a nuisance, and in order to justify defendant in removing the

same, he would be required to plead the fact that it was specially injurious to him and set out the facts showing the same. (*Luhrs v. Sturtevant*, 10 Or. 170; *Siskiyou L. & M. Co.* v. *Rostel*, 121 Cal. 511, 53 Pac. 1118; *Smith* v. *Mitchell*, 21 Wash. 536, 75 Am. St. Rep. 858, 58 Pac. 667; *Cogswell* v. *New York*, 105 N. Y. 319, 11 N. E. 518.) A party relying on the existence of a public highway to justify a trespass must plead the facts of its creation and continued existence. (*Churchill* v. *Louie*, 135 Cal. 608, 67 Pac. 1052; *Pettingill* v. *Lawrence*, 20 Ill. App. 552; *Suits* v. *Murdock*, 63 Ind. 73; 37 Cyc. 153, and cases cited; *State* v. *Auchard*, 22 Mont. 14, 55 Pac. 361; *Pope* v. *Alexander*, 36 Mont. 82, 92 Pac. 205, 565.)

In the case of *Musselshell Cattle Co.* v. *Woolfolk*, 34 Mont. 126, this court held that a court of equity had the power in this state to restrain trespasses of a repeated and threatened continued repeated nature, where it would require a multiplicity of suits to redress the wrongs and where irreparable injury would be done. In that case, no answer had been filed, but the case went up on the demurrer, which, for the purposes thereof, admitted all the facts in the complaint, and it was held that an injunction was properly issued. Here all of the material allegations of the complaint are admitted by the answer. We contend that the cases are on identically the same basis, and as no testimony has been introduced in support of any alleged affirmative defense, it leaves the case at bar in exactly the same position as was the *Musselshell Cattle Co. Case*. (*Lynch* v. *Egan*, 67 Neb. 541, 93 N. W. 775; *Shaffer* v. *Stull*, 32 Neb. 94, 48 N. W. 882; *Pohlman* v. *Lohmeyer*, 60 Neb. 364, 83 N. W. 201; *Reaves* v. *Territory*, 13 Okl. 396, 74 Pac. 951; *Cowdery* v. *State*, 71 Kan. 450, 80 Pac. 953; *Shroyer* v. *Campbell*, 31 Ind. App. 83, 67 N. E. 193; *Smith* v. *Mitchell*, 21 Wash. 536, 75 Am. St. Rep. 858, 58 Pac. 667; *McCarty* v. *Gaston Ridge M. & M. Co.*, 144 Cal. 542, 78 Pac. 7; *Maggs* v. *Morgan*, 30 Wash. 604, 71 Pac. 188; *Lynch* v. *Metropolitan Elevated Ry. Co.*, 129 N. Y. 274, 26 Am. St. Rep. 523, 15 L. R. A. 287, 29 N. E. 315;

*Cogswell* v. *New York etc. R. R. Co.*, 105 N. Y. 319, 11 N. E. 518.)

MR. JUSTICE SMITH delivered the opinion of the court.

Plaintiffs' complaint originally contained two causes of action—one for damages alleged to have been sustained by reason of the acts of the defendant in breaking their fence and entering upon their lands, and another for an injunction to prevent a repetition of such trespass. The parties own adjoining acre property in Deer Lodge county, with a line fence between, which fence was constructed by the plaintiffs. In their second cause of action they allege "that on the fourteenth day of January, 1911, the defendant forcibly broke and entered upon the plaintiffs' land and took down and injured and destroyed a portion of said line fence owned by plaintiffs, and repeatedly trespassed upon and crossed over the lands owned by plaintiffs; * * * that plaintiffs repaired said fence so taken down and removed and injured by defendant, and thereafter at different times, the defendant again broke down and took down said fence belonging to plaintiffs, against plaintiffs' protest, and defendant frequently repeated said action and threatens to continue to repeat said action in trespassing upon plaintiffs' land; * * * that such repeated trespasses of defendant would require a multiplicity of suits to restrain defendant from committing the same." The answer of defendant to the second cause of action admits the ownership of plaintiffs' lands; admits that they constructed and are the owners of the division line fence; admits that on January 14, 1911, defendant broke down, injured and destroyed the same; "admits that defendant willfully and forcibly broke down and took down said fence belonging to the plaintiffs, against the protest of plaintiffs, and admits that defendant frequently repeated said action and threatens to continue the said action"; but denies that he thereby trespassed or threatened to trespass upon plaintiffs' land. As an affirmative defense he set forth that for ten years last past there has been a public road running through plaintiffs' lands from east

to west; that on or about the first day of January, 1911, plaintiffs built a fence across said public highway on the division line between the lands of the parties hereto, which fence obstructed the highway and prevented the defendant from going upon the same without removing the fence; that defendant was entitled to the free use and benefit of the highway, and "he did then and there on the fourteenth day of January, 1911, break down a portion of the division fence which crossed over and was an obstruction to said public highway." He further alleged, in effect, that there was no other way for him to get to and from his land. The affirmative allegations of the answer were put in issue by reply. When the cause came on for trial a jury was first impaneled but upon plaintiffs dismissing their first cause of action, the jurors were discharged, against the protest of the defendant, and the court, over the objection of the defendant, directed the trial to proceed upon the second cause of action before the court sitting without a jury. Thereupon witnesses were sworn on the part of the plaintiffs, documentary evidence was introduced, and their case was closed. Defendant interposed a motion for a nonsuit, which motion was overruled. He then submitted the case to the court "as it now stands" without introducing any evidence. The court made findings of fact and drew certain conclusions of law therefrom, all in favor of the plaintiffs, and a decree of injunction was entered as prayed for. Defendant appeals. The appeal is supported by the judgment-roll alone, no part of the evidence being in the record.

1. It is contended that the second count of the complaint does not state facts sufficient to constitute a cause of action. The [1] claim is advanced that the facts alleged show a simple trespass, and, it is said, "the action which defendant frequently repeated and which he threatens to continue, refers to his act of breaking down the fence. To say that this complaint seeks relief by injunction against defendant's acts of crossing over plaintiffs' lands would be to go outside of the ordinary uses of the English language." It is a sufficient answer to this contention to say that the complaint alleges that the defendant

repeatedly trespassed upon and crossed over the lands of the plaintiffs and "at different times maliciously, willfully and forcibly broke and took down the fence belonging to plaintiffs and frequently repeated said action and threatens to repeat said action in trespassing upon plaintiffs' land * * * and said trespasses so continued and threatened to be continued by defendant were willfully and maliciously done to injure the plaintiffs· * * * and such repeated trespasses would require a multiplicity of suits on the part of plaintiffs to restrain the defendant from committing the same." It is quite clear that the trespasses complained of are the acts of the defendant in going upon and crossing over plaintiffs' lands, as well as his acts of repeatedly breaking the fence; and that he threatens to continue all of said acts. When the complaint is read in the light of the affirmative allegations of the answer it is apparent that the defendant was asserting a continuing right to follow an alleged public highway across the lands of plaintiffs. He had an opportunity to try the cause on its merits and refused to avail himself of it. Under these circumstances we shall not scan the complaint too closely, but shall give it the most liberal construction in order to sustain the judgment.

2. The court found, *inter alia,* that on the fourteenth day of January, 1911, defendant "forcibly broke and entered upon plaintiffs' land and broke down, injured and destroyed a portion of the fence owned by plaintiffs and went over and drove over plaintiffs' land, without plaintiffs' consent and without right, and thereafter· the defendant again broke and destroyed a portion of the fence and went over and drove over plaintiffs' lands without plaintiffs' consent and without right, and defendant frequently went over and drove over plaintiffs' land, and continuously did so to the damage of the plaintiffs * * *, and the injury so sustained by plaintiffs is irreparable, because the same is not susceptible of complete pecuniary compensation and cannot be estimated in money, and the said repeated trespasses would require a multiplicity of suits on the part of plaintiffs to recover damages from the defendants therefor," *etc.*

It is now contended that whether or not a trespass was committed depended wholly upon the question of the existence of a public highway at the place in controversy, and, it is said, it has been the uniform holding of the courts that the existence of a public highway, when put in issue in an action of trespass, is always a question of fact for a jury. Numerous cases are cited to support the contention, but we find no necessity for examining them. There is no question of public highway in this case as it comes to this court. So far as the record presented to us discloses, the defendant had no defense to the action. He could not refuse to offer proof of the affirmative allegations of his answer and then claim a purely abstract right to a trial [2] by jury after having admitted all of the allegations of the complaint. It was his duty to make the record disclose prejudicial error. Such is the rule in this state, whatever it may be in other jurisdictions. (*State* v. *Byrd,* 41 Mont. 585, 111 Pac. 407; *Knuckey* v. *Butte El. Ry. Co., ante,* p. 106, 122 Pac. 280.) So far as we know he has suffered no prejudice whatsoever. The record discloses nothing for a jury to determine. The only [3] issue presented by the pleadings was as to the existence of a public highway across the lands of the plaintiffs. While it is true that the court received evidence to substantiate the allegations of plaintiffs' complaint, there was no necessity for so doing. They were all admitted. The defendant, by his answer, assumed the burden of proving the existence of a public highway. In the absence of evidence to substantiate his affirmative allegations, the court might well have entered a judgment for the plaintiffs on the pleadings rather than on their evidence. Defendant raised an issue of justification, and having failed to offer evidence in support of it, he has no cause of complaint. The issue was abandoned at the trial.

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.

Rehearing denied May 10, 1912.