COBURN CATTLE CO., RESPONDENT, v. HENSEN ET AL., APPELLANTS.

(No. 3,633.)

(Submitted March 25, 1916. Decided April 17, 1916.)

[157 Pac. 177.]

*Trespass — Livestock — Actual and Constructive Possession of Land—Title—New Trial—Insufficiency of Evidence.*

New Trial—Insufficiency of Evidence—When Proper.
1. Where, under the evidence in an action for trespass on land by driving sheep thereon for pasturage, the plaintiff was clearly entitled to a verdict in some amount, a verdict for defendants for nominal damages on a counterclaim which was unsupported by proof, was erroneous and a motion for a new trial was properly granted.

Trespass—Actual or Constructive Possession of Land Sufficient.
    2.    Actual or constructive possession is sufficient to maintain an action of the nature of the one referred to above.

Same—Title—When Record Evidence Required.
    3.    The rule that in an action for trespass on land plaintiff must, in order to prevail, tender record proof of title, applies only to cases in which he is not in actual possession, but is compelled to rely upon constructive possession under his record title.

    [As to validity of statute authorizing land owner to seize and sell trespassing animals, see note in Ann. Cas. 1915C, 1263.]

*Appeal from District Court, Blaine County, in the Twelfth Judicial District; John A. Matthews, Judge of the Fourteenth District, presiding.*

ACTION by the Coburn Cattle Company against Louis Hensen and another, copartners doing business under the firm name and style of L. & P. Hensen. From an order granting plaintiff's motion for new trial defendants appeal. Affirmed.

*Mr. H. S. McGinley,* for Appellants, submitted a brief and argued the cause orally.

*Mr. Odell W. McConnell* and *Mr. John A. Tressler,* for Respondent, submitted a brief as well as one in reply to that of Appellants; *Mr. McConnell* argued the cause orally.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Action for damages for trespass on land. The complaint alleges that at the time the wrong complained of was committed, plaintiff was in possession and entitled to the possession of lands situate in Blaine (now Phillips) county, a part of which it owns in fee, and the remainder of which it holds under leases; that defendants were copartners and were the owners of or chargeable with the care of about 10,000 head of sheep; that on July 26, 1911, the defendants, without plaintiff's consent and against its wishes, willfully and maliciously drove their sheep upon plaintiff's said lands, and from that date to and including August 3, 1911, held them in herd there, with the result that they ate off and destroyed the hay and grass growing thereon,

besides hay that had been harvested; and that plaintiff's lands were trampled and injured so that they became unfit for use as a winter range during that year. The prayer is for a judgment for $5,000 compensatory, and $2,500 punitive, damages. Denying all the material averments in the complaint, the defendants allege what they designate a counterclaim for damages, for that on August 3, 1911, while defendants' sheep were upon their accustomed range upon public lands of the United States, the plaintiff, through its officers and employees, took them by force and intimidation from the possession of defendants' herders who were in charge of them, and drove and scattered them, leaving them without herders, whereby many of them were lost or lamed, causing defendants an actual loss of $1,193.30. Judgment is demanded for this amount, besides $2,500 punitive damages. There was issue by reply.

At the trial the defendants recovered a verdict for nominal [1] damages and for costs. On plaintiff's motion an order was made granting it a new trial. The appeal is by the defendants from this order. The motion was made on several grounds, among them that the evidence was insufficient to justify the verdict. In his memorandum opinion accompanying the order sustaining the motion, the trial judge, after a brief review of the evidence, says: "It would seem, therefore, that the testimony would have justified and the jury should have found a verdict for the plaintiff, even though such verdict might have been for nominal damages only." He further remarks that there was no evidence to warrant or support a verdict for the defendants. This conclusion is fully justified by the record. The evidence tends to show that the plaintiff corporation had for many years been in the undisputed possession of the lands in controversy and using them for pasturage for its sheep and the cutting of the natural grasses growing thereon for hay for its own use and for market; that some of them the plaintiff owns, and upon others it has acquired the right of possession for pasture under leases from the owners or persons who have an inchoate title thereto under the laws of the United States; that some of them

are inclosed and others not; that during the time alleged in the complaint, the defendants wantonly and without excuse drove their sheep upon them, in some instances breaking the inclosures, and held them there despite repeated protests of plaintiff through its officers and employees. This evidence is not seriously controverted. On the other hand, there is no evidence to justify the conclusion that the agents and servants of the plaintiff took possession of defendants' sheep or did any of the acts alleged in defendants' counterclaim. Therefore the office of the jury was merely to ascertain the amount of damages plaintiff was entitled to recover. Under these circumstances the plaintiff was entitled to a new trial as a matter of right.

There was much conflict in the testimony of the witnesses as to the extent of the injury suffered by the plaintiff. On the whole, we think the amount claimed excessive. But nevertheless a case was made for the jury which justified a verdict in some amount. Whether it would have justified an award by way of punitive damages it is not now necessary to consider. Under no view of the case were the defendants entitled to recover upon their counterclaim.

It is earnestly argued by counsel for defendants that since [2] plaintiff did not tender record proof of title to any of the lands owned or held by it, except a small area, and the evidence does not disclose that any damage was done within this area, it wholly failed to make a case. In other words, counsel seeks to maintain the proposition that in this kind of a case plaintiff must recover upon the strength of his own title, and not upon the weakness of that of defendant. This proposition cannot be maintained. The gist of the action in trespass is the invasion by one of the possession of another. The general rule therefore is that either actual or constructive possession is sufficient to maintain the action. (*Noyes* v. *Black*, 4 Mont. 527, 2 Pac. 769; *McKay* v. *McDougal*, 19 Mont. 488, 48 Pac. 988; *Beaufort L. & I. Co.* v. *New River L. Co.*, 86 S. C. 358, 30 L. R. A. (n. s.) 243, and note, 68 S. E. 637; 38 Cyc. 1004.) The rule contended [3] for by counsel applies only to cases in which the plaintiff is

not in actual possession, but is compelled to rely upon constructive possession under his record title. Though the complaint alleges title, it is not necessary to show it by record evidence, if actual possession is shown, as here. (*Beaufort L. & I. Co.* v. *New River L. Co., supra.*)

Doubtless the measure of damages will vary according to the circumstances of the particular case. We are not required, however, to consider and determine what items plaintiff is entitled to recover in this case.

We have decided this case upon the points submitted. Nothing said herein is to be understood as a recognition of a right in defendants to interpose in this case a counterclaim of the character of that alleged in their answer.

The order is affirmed.

*Affirmed.*

MR. JUSTICE SANNER and MR. JUSTICE HOLLOWAY concur.