PARSONS ET AL., RESPONDENTS, *v.* MUSSIGBROD ET AL., APPELLANTS.

(No. 4,727.)

(Submitted March 8, 1921. Decided March 19, 1921.)

[196 Pac. 528.]

*Waters and Water Rights—Temporary Injunction—Showing Required—Discretion.*

Water Rights—Temporary Injunction—Discretion.
  1. Where, in a water right suit, plaintiffs had filed their complaint, positively verified, and introduced uncontradicted oral proof in support of their application for a temporary restraining order, defendants appearing by general demurrer and neither filing verified answer nor submitting evidence, the court *held* not to have abused its discretion in granting a temporary injunction.

Same.
  2. The allowance of a temporary injunction is vested largely in the sound discretion of the district court, with the exercise of which the supreme court will not interfere except in instances of manifest abuse.

---

1. Injunction as remedy for wrongful diversion of watercourse, see note in **Ann. Cas.** 1912D, 13.

*Same—Temporary Injunction—Showing Required.*

3. On application for a temporary injunction ancillary to an action calling for the determination of water rights, plaintiff need not make out a case which will entitle him to relief at all events on final hearing, but if he makes out a *prima facie* case, or if, from the showing made, it is left doubtful whether or not he will suffer irreparable injury before his rights can be determined, the injunction should issue and the *status quo* preserved.

*Appeal from District Court, Beaverhead County; Joseph C. Smith, Judge.*

ACTION by G. H. Parsons and W. E. Parsons, copartners doing business under the firm name and style of Parsons & Parsons, and others, against H. S. Mussigbrod and others. From an order granting an injunction *pendente lite,* defendants appeal. Affirmed.

*Mr. J. J. McDonald, Mr. C. W. Robinson,* of the Bar of Astoria, Oregon, and *Messrs. Lew. L. & E. J. Callaway,* for Appellants, submitted a brief; *Mr. E. J. Callaway* argued the cause orally.

The defendants maintain that the issuance of the injunction order as granted was unauthorized, either in fact or in law, that the injunction order issued herein was based upon the fears, apprehensions, conjectures or possibilities of what might thereafter occur, and that it was an abuse of discretion.

"The general rule is that an injunction will be granted only where an irreparable injury is threatened, and for which the law does not furnish an adequate remedy." (Joyce on Injunctions, sec. 39.) The court in case of *Lorenz* v. *Waldron,* 96 Cal. 243, 31 Pac. 54, says: "The court cannot grant an injunction to allay the fears and apprehensions of individuals. They must show the court that the acts against which they ask protection are not only threatened, but will probably be committed to their injury." (*Sherman* v. *Clark,* 4 Nev. 138, 142, 97 Am. Dec. 516, 7 Morr. Min. Rep. 483.) It must also ap-

---

3. The question of right to temporary injunction against obstructing waters of stream is discussed in a note in 59 L. R. A. 885.

pear that there is a reasonable probability that a real injury will occur if the injunction be not granted. (*Hurd* v. *Atchinson etc., Ry. Co.,* 73 Kan. 83, 84 Pac. 553.) In *City of Hutchinson* v. *Delano,* 46 Kan. 345, 26 Pac. 740, it is said: "It is sufficient at this time to say there is no pressing necessity for an injunction. The danger is contingent, not immediate or imminent." (*Orcutt* v. *Pasadena Land & Water Co.,* 152 Cal. 599, 93 Pac. 497; *Montana Ore Purchasing Co.* v. *Boston etc. Min. Co.,* 22 Mont. 159, 56 Pac. 120.) "An injunction must be refused if the complainant's case is so doubtful that it does not appear reasonably probable that he has the right claimed, and that it is being violated, or if he does not make it appear reasonably probable that irreparable injury is impending, and will occur before the final hearing can be had." (22 Cyc. 753, 754.)

*Messrs. Rodgers & Gilbert* and *Mr. John A. Groeneveld,* for Respondents, submitted a brief; *Mr. Harry G. Rodgers* argued the cause orally.

MR. JUSTICE GALEN delivered the opinion of the court.

This is an appeal from an order granting an injunction *pendente lite* involving the waters of Mussigbrod Creek, in Beaverhead county.

The complaint describes the lands owned by the plaintiffs [1] respectively, and sets forth the water rights appurtenant thereto claimed by each of them; that their rights are superior to those of the defendants, and that the defendants "at divers and sundry times in the year 1919 and in the month of May, 1920. * * * did wrongfully divert said waters and deprive the plaintiffs," and each of them, "from using said waters to which they are entitled." The complaint is verified positively, and upon June 1, 1920, the date of filing thereof a temporary restraining order and order to show cause why an injunction should not be issued restraining defendants from interfering with plaintiffs' water rights were issued. Defendants all appeared by general demurrer; and thereafter, on

June 26, 1920, the matter came on for hearing upon the order to show cause. Testimony was introduced and received in support of plaintiffs' complaint at such hearing, but the defendants neither filed verified answers nor submitted any evidence whatsoever; and at the conclusion thereof the court refused defendants' motion to deny an injunction pending the action, and upon plaintiffs' application, issued an injunction against the defendants effective until further order "upon plaintiffs giving bond in the sum of $4,000 and installing proper headgates and weirs for measuring the water diverted by them." The action is yet to be tried on its merits.

Two specifications of error are assigned, presenting the single question whether the trial court erred in issuing the injunction.

Section 6643 of the Revised Codes provides, in part, as follows: "An injunction order may be granted in the following cases: 1. When it shall appear by the complaint that the plaintiff is entitled to the relief demanded, and such relief, or any part hereof, consists in restraining the commission or continuance of the act complained of, either for a limited period or perpetually. 2. When it shall appear by the complaint or affidavit that the commission or continuance of some act during the litigation would produce a great or irreparable injury to the plaintiff." And by section 6647 it is provided: "If the court or judge deem it proper that the defendant, or any of the defendants, should be heard before granting the injunction, an order may be made requiring cause to be shown at a specified time and place, why the injunction should not be granted, and the defendant may in the meantime be restrained. Cause may be shown upon affidavits or oral testimony."

It is noted that it is averred in the complaint, which is positively verified, as follows: "That the said defendants at divers and sundry times during the year 1919 and the month of May, 1920, and at all times up to the filing of this complaint, did wrongfully divert said waters and deprive the plaintiffs and each of said plaintiffs of the use thereof, and

did prevent the said plaintiffs, and each of said' plaintiffs, from using said waters to which they are entitled and which belong to said plaintiffs, and to each of said plaintiffs, as hereinbefore set forth, all of which said waters were at all of said times by the plaintiffs, and each of said plaintiffs, greatly needed for the purposes aforesaid, and without the use of which the plaintiff's crops, and each of said plaintiffs' crops and produce, did suffer, deteriorate, and diminish.'' And further: ''That all of the diversions of said waters by said defendants have been made by them without right and wrongfully and with the purpose and intention of acquiring right to the same and against the rights of these plaintiffs as aforesaid, and that the defendants, and each of them, threaten to continue to so wrongfully and without right use the said waters as aforesaid in the future and to deprive these plaintiffs of the use thereof, and that they will so divert and use said waters as aforesaid, as plaintiffs are informed and verily believe, and will continue to break and destroy the ditches and flumes and remove the dams of the plaintiffs and to interfere with the use of said waters by plaintiffs and prevent the use thereof, to the great and irreparable injury of these plaintiffs, unless restrained by the remedy of injunction.'' In addition to. the showing made to the court by the allegations of plaintiffs' complaint, uncontradicted oral proof was introduced on the part of plaintiffs in support of their application for a temporary injunction at the hearing on the order to show cause, an examination of which testimony discloses a *prima facie* case warranting the court in the exercise of its discretion to issue the writ.

It is the well-established rule that the allowance of a [2] temporary injunction is vested largely in the sound discretion of the district court, with the exercise of which this court will not interfere except in instances of manifest abuse. (14 R. C. L., secs. 11, 12; *Shilling* v. *Reagan,* 19 Mont. 508, 48 Pac. 1109; *Bennett Bros. Co.* v. *Congdon,* 20 Mont. 208, 50 Pac. 556; *Connole* v. *Boston & Mont. etc. Co.,* 20 Mont. 523, 52 Pac.

263; *Butte & Boston Con. Min. Co.* v. *Montana Ore Pur. Co.*, 21 Mont. 539, 52 Pac. 375; *Parrot Silver & Copper Co.* v. *Heinze,* 25 Mont. 139, 87 Am. St. Rep. 386, 53 L. R. A. 491, 64 Pac. 326; *Heinze* v. *Boston & Mont. etc. Co.*, 26 Mont. 265, 67 Pac. 1134; *Consolidated G. & S. Min. Co.* v. *Struthers*, 41 Mont. 551, 111 Pac. 150; *Monidah Trust* v. *Sheehan*, 45 Mont. 424, 123 Pac. 692; *Lowery* v. *Cole*, 47 Mont. 64, 130 Pac. 410; *Postal Tel. Co.* v. *Nolan*, 53 Mont. 129, 162 Pac. 169.)

The object of the action is to adjudicate water rights, and, [3] ancillary thereto, an injunction is asked. The cause of action is the threatened wrong—the anticipated invasion of the right. (*Beach* v. *Spokane R. & W. Co.*, 25 Mont. 379, 65 Pac. 111.) "It is not necessary that a case be made which would entitle the plaintiff to relief at all events on final hearing. If he has made out a *prima facie* case, or if upon the showing made it is left doubtful whether or not the plaintiff will suffer irreparable injury before his rights can be fully investigated and determined, the court ought to incline to issue the injunction and preserve the *status quo.*" (*Rea Bros. Sheep Co.* v. *Rudi*, 46 Mont., at page 160, 127 Pac. 87.)

"The rule heretofore applied by this court in this class of cases is that the granting of a preliminary injunction is so largely a matter of discretion that it will be sustained, upon appeal, where there has been a reasonable showing made in support of the application in the court below." (*Parrot Co.* v. *Heinze, supra.*)

Mr. High, in his work on Injunctions, third edition, page 6, says: "It is to be constantly borne in mind that, in granting temporary relief by interlocutory injunction, courts of equity in no manner anticipate the ultimate determination of the questions of right involved. They merely recognize that a sufficient case has been made out to warrant the preservation of the property or rights in issue *in statu quo* until a hearing upon the merits, without expressing, and indeed without having the means of forming, a final opinion as to such rights."

(See, also, *Donlan* v. *Thompson Falls C. & M. Co.*, 42 Mont. 257, 112 Pac. 445; *Rea Bros. Sheep Co.* v. *Rudi, supra.*)

As it does not appear that the trial court was guilty of an abuse of discretion, the order is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES REY-NOLDS, COOPER and HOLLOWAY concur.