THRASHER, RESPONDENT, v. HODGE, APPELLANT.

(No. 6,577.)

(Submitted November 15, 1929.   Decided December 19, 1929.)

[283 Pac. 219.]

*Mr. S. P. Wilson,* for Appellant, submitted a brief and argued the cause orally.

*Mr. W. E. Keeley,* for Respondent, submitted a brief and argued the cause orally.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

This is an appeal from an order granting an injunction *pendente lite.* Plaintiff's complaint is in two causes of action: The first is for damages occasioned by alleged trespasses upon plaintiff's lands; the second for an injunction growing out of the same facts. We are concerned here only with the second. In that, plaintiff alleges that during all of the times mentioned he was and now is lawfully in possession of and entitled to the possession of certain lands, the description of which is given. He alleges that the defendant, on or about the first day of July, 1929, entered upon the lands and wrongfully and unlawfully took possession thereof, and drove thereupon 1,800 sheep, without the consent and against the wishes of the plaintiff, and each day since that time defendant has pastured and herded the sheep upon the lands, and has wrongfully and unlawfully kept and held possession of the same, and has maliciously, wilfully and wantonly fed and grazed the grass and vegetation from the lands and destroyed the grass and vegetation growing thereon; that prior to the defendant's trespasses thereon the lands were covered with a rich and luxuriant growth of grass and vegetation, but that the sheep have eaten up, destroyed and made valueless a large portion thereof; that the defendant threatens to continue to hold possession of the lands and to keep the sheep thereon, to the great and irreparable damage and injury of the plaintiff; that the grass and vegetation upon the lands are the property of the plaintiff. It is alleged that at the time of filing the complaint defendant was trespassing and threatening to continue

to trespass upon the lands, and, unless restrained by the court, will continue to graze the sheep thereon and destroy the vegetation; that it will require a multiplicity of suits to enforce the rights of the plaintiff in the premises by appropriate actions at law.

Upon the filing of the complaint, the court issued an order to show cause and a temporary restraining order. When the order to show cause came on to be heard, defendant had appeared by general demurrer, which remained undisposed of. On the hearing, the plaintiff showed that he had entered the lands as an additional stock-raising homestead entry, and had fenced a portion thereof, although his inclosure was not entirely completed; that his fence had been cut in many different places, and defendant's sheep had been driven on the lands and herded there day after day. It was shown that, while plaintiff's application to enter the lands was pending, a Mr. Wisner had advised the Register of the United States Land Office at Great Falls, Montana, that a major portion of the lands sought to be entered was then covered by placer mining locations, but nevertheless the United States Land Office, treating Wisner's communication as a protest by Wisner and also by Price, mentioned hereafter, had allowed plaintiff's entry, and its action in so doing had been confirmed by the Commissioner of the General Land Office.

The defendant did not take the witness-stand. He contented himself with introducing evidence showing the location of the Bluebird placer mining claim by William G. Price and associates, and the location of the May Be and Trail Gulch placer mining claims by Gustave H. Wisner and associates. The testimony tended to show that these several placer mining claims were located in accordance with law, and that they had not been forfeited or abandoned. Mr. Price testified that he had seen defendant's sheep upon the Bluebird claim, but they were not placed there with his consent, and he had told the sheep-herder not to put them there. Mr. Wisner was asked whether he had consented to Mr. Hodge's grazing the ground in recent years, to which he answered: "Yes, in a

measure I consented; yes. I told him I had no objection to him or anybody else grazing there; I did not want the grass and anybody that got their stock on it first would get the grass." But he did not know whether anybody had said anything about it in 1929. Mr. Hodge "went ahead and grazed it. I knew he was grazing it; yes; and I had no objections." Wisner said that Mr. Hodge had never paid him anything for grazing; he never would accept anything; he had never executed a lease to Mr. Hodge.

Upon the conclusion of the evidence, the court granted an injunction *pendente lite,* whereupon the defendant appealed.

1. Counsel for defendant contend that the complaint does not state a cause of action for injunction. Special exception is taken to plaintiff's allegation that he is "lawfully in the possession of and entitled to the possession of" the lands included within his homestead entry. We think that these allegations are sufficient as against a trespasser. (See *Campbell* v. *Rankin*, 99 U. S. 261, 25 L. Ed. 435; *Noyes* v. *Black,* 4 Mont. 527, 2 Pac. 769; *McKay* v. *McDougal,* 19 Mont. 488, 48 Pac. 988; *Coburn Cattle Co.* v. *Hensen,* 52 Mont. 252, 157 Pac. 177.)

While it is true that in paragraph IV it is alleged that defendant took possession of the lands and kept and held possession of the same, it is seen that this allegation refers to the possession of the land by defendant, a trespasser, in herding 1,800 head of sheep thereon. No objection was made to the sufficiency of the complaint at the hearing, and all of the evidence of the plaintiff relating to his homestead entry was admitted without objection.

As against the defendant, the plaintiff might well have alleged that he was the owner of, in the possession of, and entitled to the possession of, the lands in suit, which clearly would have been a sufficient allegation. (*McKay* v. *McDougal,* supra.) The complaint is not a model, but it cannot be held that it does not state a cause of action against a trespasser. We say, as was said in *Hahn* v. *Shaubut,* 45 Mont. 326, 123 Pac.

694, 695, that under the circumstances, "we shall not scan the complaint too closely, but shall give it the most liberal construction, in order to sustain the judgment."

2. The gist of the action in trespass is the invasion by one ▇ of the possession of another. Accordingly the general rule is that either actual or constructive possession is sufficient to maintain the action. (*Coburn Cattle Co.* v. *Hensen,* supra.) Plaintiff, in virtue of his homestead entry, was entitled to the possession of the lands embraced therein as against the defendant.

It is urged that the cause of action seeking an injunction ▇ may not be maintained for the reasons, first, that equity does not exert its power to prevent a mere trespass; and, second, that the complaint does not contain any allegation that the defendant is insolvent and therefore unable to respond in damages, and there was no showing to that effect.

In *Musselshell Cattle Co.* v. *Woolfolk,* 34 Mont. 126, 85 Pac. 874, 875, this court, speaking through Mr. Chief Justice Brantly, said: "There is no rule better settled than that a court of equity will not interfere to enjoin a trespass when there is an adequate remedy at law. It has been repeatedly recognized and applied by this court. (*Heaney* v. *Butte & Montana Com. Co.,* 10 Mont. 590, 27 Pac. 379; *King* v. *Mullins,* 27 Mont. 364, 71 Pac. 155; *Harley et al.* v. *Montana Ore Pur. Co.,* 27 Mont. 388, 71 Pac. 407.) Though the rule as stated in the case of *Heaney* v. *Butte & Montana Com. Co.,* founded upon the case of *Jerome* v. *Ross,* 7 Johns. Ch. (N. Y.) 315, 11 Am. Dec. 484, was afterwards modified in *Lee* v. *Watson,* 15 Mont. 228, 38 Pac. 1077, because, in view of the tendency of the later decisions, it was stated too broadly as applied to the facts presented, that case nevertheless, generally speaking, states the rule correctly. An adequate remedy always exists where the damages can be estimated in money and the only purpose sought by the action is to determine the amount. If, however, there are peculiar circumstances in the case, as that the trespass is continued or repeated so that its

redress would require a multiplicity of suits, or the injury is of such a nature that it cannot be estimated in money, the courts do not hesitate to grant relief by injunction." (*Sankey* v. *St. Mary's Female Academy*, 8 Mont. 265, 21 Pac. 23; *Lee* v. *Watson*, supra; Pomeroy's Equity Jurisprudence, 4th ed., sec. 1357.)

"The legal remedy is not adequate simply because a recovery of pecuniary damages is possible. It is only adequate when the injured party can, by one action at law, recover damages which constitute a complete and certain relief for the whole wrong, a relief virtually as efficient as that given by a court of equity." (Note to section 1357, Pomeroy's Equity Jurisprudence.)

Plaintiff's proof tended to show continuous trespasses by defendant and a threatened continuance thereof. Plaintiff upon the completion of his fence intended to pasture his own horses and cattle on the land. Here again what was said in *Musselshell Cattle Co.* v. *Woolfolk* is applicable: "The lands of plaintiff are fit for pasturage only. It would hardly be possible to measure adequately in money the value of the wild grasses grown thereon. They cannot be harvested, and their value thus ascertained. Plaintiff could use them only by having his stock eat them, and their value could only be manifested in the improved condition of its flocks and herds. * * * Again, the trespasses are constantly repeated, and, though warned to desist, defendants persevere in their wrongdoing. Many suits would, in all probability, be necessary to obtain any sort of redress, even if the injury resulting from each separate invasion of plaintiff's rights could be adequately estimated." As the case is one to restrain continuous trespass and avoid a multiplicity of suits, it is not material whether the defendant is or is not insolvent.

3. As we have seen, defendant did not offer any evidence except to show that, prior to the allowance of the homestead entry by the Land Department of the United States, a large portion of the ground was already covered by placer

locations, but he did not connect himself with the title of either of these.

On this appeal from an order granting an injunction *pendente lite* we shall not be drawn into the controversy as to whose title is the better, that of the homestead entryman or that of the placer claimants. Even if the defendants had been the placer claimants who were running sheep on the disputed lands, we are not prepared to say that we would not sustain the action of the lower court in granting the injunction *pendente lite*. We think this is one of the cases in which it may be said that the court in its discretion may grant an injunction *pendente lite* "unless it appear that the plaintiff's title is bad, or at least that there is no reasonable ground for the assertion of the title by the plaintiff. The mere existence of a doubt as to the title does not of itself constitute a sufficient ground for refusing an injunction." (*Boyd* v. *Desrozier*, 20 Mont. 444, 52 Pac. 53, 55.)

"It is to be constantly borne in mind that in granting temporary relief by interlocutory injunction, courts of equity in no manner anticipate the ultimate determination of the rights involved. They merely recognize that a sufficient case has been made out to warrant the preservation of the property or rights in issue *in statu quo* until a hearing upon the merits, without expressing, and indeed without having the means of forming a final opinion as to such rights." (High on Injunctions, 3d ed., sec. 5; *Parsons* v. *Mussigbrod*, 59 Mont. 336, 196 Pac. 528; *Rea Bros. Sheep Co.* v. *Rudi*, 46 Mont. 149, 127 Pac. 85.)

It was not the province of the district court, and it is not the province of this court, to determine finally any matter which may arise upon a trial of the merits. (*Blinn* v. *Hutterische Society of Wolf Creek*, 58 Mont. 542, 194 Pac. 140.) The allowance of a temporary injunction is vested largely in the sound legal discretion of the trial court with the exercise of which this court will not interfere except in instances of manifest abuse. (*Atkinson* v. *Roosevelt County*, 66 Mont. 411, 214 Pac. 74, and cases cited.)

The plaintiff as against a trespasser made a prima facie showing sufficient to warrant the issuance of the writ and the order is affirmed. Remittitur forthwith.

ASSOCIATE JUSTICES MATTHEWS, FORD and ANGSTMAN, and HONORABLE WILLIAM L. FORD, District Judge, sitting in place of MR. JUSTICE GALEN, absent on account of illness, concur.