JUANITA DAVIS STALCUP AND CLANCY R. STALCUP, PLAINTIFFS AND APPELLANTS, v. CAMERON DITCH COMPANY, A CORPORATION, ET AL., DEFENDANTS AND RESPONDENTS.

No. 9702.

Submitted August 14, 1956. Decided August 20, 1956.

300 Pac. (2d) 511.

Mr. Ralph J. Anderson and Mr. Stanley P. Sorenson, Helena, for appellants.

Mr. Frank E. Blair, Virginia City, for respondents.

Mr. Anderson and Mr. Blair argued orally.

MR. JUSTICE DAVIS.

Appeal by the plaintiffs (appellants) from an order made after hearing which denied a temporary injunction and dissolved a temporary restraining order theretofore issued. Whether such injunctive relief should be granted *pendente lite* is the only question presented for our solution.

To refer in detail to the evidence taken below will serve no useful purpose, particularly because when the pleadings have been settled and the cause is tried on its merits the evidence then taken will undoubtedly reflect more fully and more truly the ultimate facts of this controversy than does the record which we now have before us. To dispose of this appeal it suffices that we think the evidence shows *prima facie* the defendants are building an entirely new irrigation canal through the plaintiffs' lands along the right-of-way of an old ditch, which admittedly the defendant ditch company owns, and which admittedly is correctly described as a "strip of land sixty feet in width, thirty feet on each side of the center line of the Wellcome Irrigation Ditch." It is likewise not disputed that the capacity of the ditch presently under construction will be substantially greater than that of the old Wellcome ditch at any time heretofore, and that in the course of this work the defendants intend to take some three and one-half acres of the plaintiffs' lands, which lie beyond the defined boundaries of the right-of-way owned by the ditch company.

If this is true, and *prima facie* we think it is, the defendants may not then justify upon the doctrine of Laden v. Atkeson, 112 Mont. 302, 116 Pac. (2d) 881, if it be applicable, that in addition to the sixty foot strip expressly defined for the course of the Wellcome ditch, the company also has a secondary easement which authorizes it to enter on the plaintiffs' lands beyond the defined limits of its right-of-way that its ditch may be cleaned out and repaired. For these facts do not show that the defendants propose to clean out and repair the old ditch. Rather as we have said the contrary is made to appear that they are constructing an entirely new canal. In these circumstances Laden v. Atkeson does not help them, even though we were to hold that precedent pertinent where the bounds of the primary easement as here are specifically marked out by the express language of the grant.

As the case comes to us on this record we are persuaded the defendants will be naked trespassers, if they enter upon these three and one-half acres, which they intend to occupy permanently for the construction of the new canal. Hansen v. Galiger, 123 Mont. 101, at page 112, 208 Pac. (2d) 1049, at page 1055, and cases cited; 27 C.J.S., Easements, section 94 d, pages 775, 776, section 95 b, page 777; 17 Am. Jur., Easements, section 112, page 1006. This fact appearing *prima facie* is enough to entitle the plaintiffs to the temporary injunction asked. Parsons v. Mussigbrod, 59 Mont. 336, 341, 196 Pac. 528; Atkinson v. Roosevelt County, 66 Mont. 411, 421, 422, 214 Pac. 74; Thrasher v. Hodge, 86 Mont. 218, 283 Pac. 219; Rea Bros. Sheep Co. v. Rudi, 46 Mont. 149, 160, 127 Pac. 85.

Moreover, we think the trial judge applied here the correct rule that the market value of the plaintiffs' grazing lands, which the defendants proposed to take, is not determinative of the issue whether the damage done by that taking is irreparable such that relief by injunction may be had. For he excluded all evidence of that market value consistent with the well-settled rule that the remedy at law is not adequate mere-

ly because a recovery of pecuniary damages is possible. 4 Pomeroy's Equity Jurisprudence (5th ed., Symons), section 1357, pages 964, 965; Thrasher v. Hodge, supra, 86 Mont. at page 226, citing Pomeroy's Equity Jurisprudence (4th ed.), section 1357, page 3240, note 1.

Of course in the first instance the grant or denial of a temp-
██ 5] injunction pending a trial upon the merits rests in the sound judicial discretion of the lower court. Hansen v. Galiger, supra, 123 Mont. at page 113, 208 Pac. (2d) 1049; Atkinson v. Roosevelt County, supra, 66 Mont. at page 421, 214 Pac. 74; Parsons v. Mussigbrod, supra, 59 Mont. at pages 340, 341, 196 Pac. 528. But on the evidence taken at the hearing below we conclude the denial here of a temporary injunction, as is the trial court's order presently reviewed, amounts to a clear abuse of that judicial discretion which should govern consistent with our decisions, and particularly with Hansen v. Galiger, supra. There the denial of a temporary injunction was affirmed upon facts which are not be distinguished from those now before us, but which with the parties to that record reversed as we find them at bar compel with equal certainty the conclusion that the temporary injunction here prayed must be granted. Compare Bennett Bros. Co. v. Congdon, 20 Mont. 208, 211, 212, 50 Pac. 556; Postal Telegraph-Cable Co. of America v. Nolan, 53 Mont. 129, 162 Pac. 169. Otherwise the subject matter of this litigation will be destroyed; and should the plaintiffs thereafter prevail upon the merits and have judgment, that judgment will afford them no relief whatsoever. Pending a trial the defendants will be adequately protected by the usual bond required upon the issuance of the injunction *pendente lite,* which will preserve the *status quo;* for this Wellcome ditch has not been used for sixteen years. This is not denied.

Nothing said in this opinion is to be construed as going to the merits of this litigation, which play no part in our conclusion on this appeal. In what we have here written we have decided no point controlling of the merits which will come be-

fore the district court when the trial is had. Compare Atkinson v. Roosevelt County, supra, 66 Mont. at page 425, 214 Pac. 74; Blinn v. Hutterische Society of Wolf Creek, 58 Mont. 542, 554, 555, 194 Pac. 140.

Accordingly the order of the district court denying injunctive relief to the plaintiffs and appellants Juanita Davis Stalcup and Clancy R. Stalcup is set aside, vacated and reversed; and the cause is remanded to the district court with directions to issue a temporary injunction in the usual form restraining and enjoining the defendants and respondents from the commission of any of the acts specified in the complaint on file in the district court pending the trial and final determination of the cause therein. Said injunction will be issued by the district court only upon the filing therein within ten days from the date of the order of reversal heretofore entered in this cause on August 14, 1956, of a good and sufficient undertaking on the part of the plaintiffs and appellants in the penal sum of $5,000, conditioned in acordance with the provisions of R.C.M. 1947, section 93-4207, and duly approved by the trial court or a judge presiding therein. Unless theretofore there be compliance with that order the injunction issued out of this court will continue in full force and effect for ten days from August 14, 1956, but no longer in any event. This opinion follows upon the formal order made and entered by this court on August 14, 1956, and will be filed as of that date. Remittitur forthwith.

MR. CHIEF JUSTICE ADAIR, and MR. JUSTICES ANGSTMAN, ANDERSON and BOTTOMLY, concur.